## Case No. 1,947.

### BROOKS v. BYAM et al.

[1 Story, 296.] [1]

Circuit Court, D. Massachusetts.   Oct. Term, 1840.

EQUITY—PLEADING—ORIGINAL BILL — INTERROGATORY—ANSWER—REQUISITES—SUFFICIENCY.

1. Where an interrogatory, pertinent to a charge in a bill in equity, required the defendant to answer "as to his knowledge, remembrance, information, and belief;" and the answer stated, "that the defendant had no knowledge, information, and belief, that the charge was not true," and an exception was filed by the plaintiffs, on the ground, "that the answer did not state, whether the defendant believed it to be true,"—it was *held*, that the exception was well founded, and it was accordingly allowed.

[Cited in Kittredge v. Claremont Bank, Case No. 7,858; Pierce v. Brown, 7 Wall. (74 U. S.) 211; Rogers v. Marshall, 13 Fed. 64.]

2. An exception to an answer for insufficiency should state the charges in the bill, the interrogatory applicable thereto, to which the answer is responsive, and the terms of the answer, verbatim, so that the court may see, whether it is sufficient or not.

[Cited in Fuller v. Knapp, 24 Fed. 101; Crouch v. Kerr, 38 Fed. 550; Bower Barff Rustless Iron Co. v. Wells Rustless Iron Co., 43 Fed. 391.]

3. Whenever the defendant does not directly deny any particular allegation of fact, stated in the bill, but states his belief thereof, he either admits, that it is true, or that he does not mean to controvert it. But a mere statement by the defendant in his answer, that he has no knowledge that the fact is as stated, without any answer as to his belief concerning it, is not such an admission, as is to be received as evidence of the fact.

[Cited in the Holladay Case, 27 Fed. 841.]

4. The defendant in equity is bound to answer in direct and unequivocal terms, as to the state of his mind, with regard to every fact stated in the bill, to which he is interrogated; either, that he does believe the matter inquired of; or, that he cannot form any belief, or has none, concerning it; and, according as the answer may be, he must state, that he calls on the plaintiff for proof, or that he admits the particular fact, or that he waives all controversy concerning it.

Bill in equity [by William Brooks against Ezekiel Byam and others to enjoin prosecution of a suit at law, and for other relief. Heard on plaintiff's exceptions to the answer. Exceptions allowed]. The bill in this case states, that one Alonzo D. Phillips obtained letters patent [dated October 24, 1836, and numbered 68] for the making of friction matches; that he sold six rights therein, that is, the right to employ six persons at the same time, in the manufacture of the said matches, to one John Brown; and that Brown sold one such right to the plaintiff; but that the deeds of conveyance, both to Brown and the plaintiff, were not recorded in the patent office, as the law requires. It also states, that the defendants, claiming to be the sole assignees of Phillips, by a deed of conveyance from him to Byam, and from Byam

to the other defendants, but of later date than the deed to the plaintiff, had commenced a suit against him, in the circuit court of the United States, for Massachusetts district, for an alleged invasion of their said right; the plaintiff averring, that he has done nothing therein not granted to him by the deeds from Phillips to Brown, and from Brown to him. It then proceeds to state, that at the time of the assignment from Phillips to Byam, and before delivery of the deed, "the said Byam was informed, and well knew, or had good cause to believe, that the said Phillips had previously conveyed to the said John Brown the right before mentioned, as set forth to have been so assigned and conveyed; and that the said Brown had previously conveyed to the plaintiff the right hereinbefore set forth, and alleged to have been so assigned and conveyed; and that the said Byam had previously caused inquiry to be made, whether the said several instruments of conveyance and assignment to the said Brown and Brooks had been recorded." It then proceeds to allege the same knowledge or belief, in like terms, by the other defendants, at the time of the conveyance of their rights from Byam. Prentiss Whitney, one of the defendants, whose answer is excepted to, says, that he "does not of his own knowledge know," whether Byam had any information, knowledge, or "any cause to believe" the facts above stated; but that he "has been informed by said Byam, that at the time when," (&c.) "the said Byam had no knowledge, information, or cause to believe, that said Phillips had made any conveyance to said Brown," &c., "and this defendant has no knowledge, information, or belief, that the information so derived from said Byam is not true." He then proceeds to say, that "he has been informed by said Byam, and verily believes, that he did not make any inquiry," whether Brown's and the plaintiff's were recorded, as stated in the bill.

The plaintiff filed the following exception to the answer: "The plaintiff excepts to the answer of Prentiss Whitney, one of the defendants in this case, because, in stating in the said answer, what he has been informed of by the said Byam, he does not say, whether he actually believes the same to be true. And he prays, that the said Whitney may be required to put in a better answer in that particular, by his solicitor, S. Greenleaf."

S. Greenleaf, for plaintiff.
F. Dexter, for defendants.

The argument for the plaintiff was as follows: In this case the plaintiff has filed an exception to the answer of Prentiss Whitney, one of the defendants, because, in stating, in divers places, the information he received from Byam, another defendant, and the principal actor in the transactions,

---

[1] [Reported by William W. Story, Esq.]

he does not say, whether he believed the information to be true; but only that he does not believe it to be false. The following is an example, on page four of the answer: "But he has been informed by the said Byam that the said conveyance was made, and a valuable consideration therefor paid by said Byam to said Phillips, without any deduction for or reference to said conveyance to said Brown; and this defendant has no knowledge, information, or belief, that the information so derived from said Byam was not true." The plaintiff contends, that where the answer is made upon information from others, he is entitled to know the precise degree of credit, which the defendant gives to such information. If it concerns the defendant, he must necessarily believe or disbelieve, to some extent. If not, it ought not to be in the answer.

The argument for the defendant was as follows: The defendant, Whitney, contends, that he is not bound to answer, that he believes or disbelieves Byam's statements to be true. He is bound to answer fully and truly. Being asked of his information, he is bound to state, that Byam so informed him. Being asked, whether he believes it to be true, he says, that he has no reason to disbelieve it. He contends, that not being able conscientiously to say that he has either belief or disbelief of the fact, he cannot be compelled to answer, that he has. It is a very common state of mind, when we hear a fact asserted by one, having an interest in asserting it, but of whose veracity we have no knowledge, neither to believe nor disbelieve it. It is contended, that no unusual form of words can be required of a party under oath, unless they truly denote to him the state of his own mind. The defendant might (ir he thought so) safely say he did not believe any fact charged affirmatively in the bill, and of which he had no knowledge or information, but of facts charged negatively, as on page four, referred to, he cannot so answer upon mere information, by one whom he has no reason to believe or disbelieve.

STORY, Circuit Justice. The question arising, in this case, is upon the exception taken by the plaintiff in equity, to the answer of Prentiss Whitney, one of the defendants, "because, in stating in his answer, what he has been informed of by Byam (another defendant), he does not say, whether he actually believes the same to be true." Certainly, this exception is taken in a form and manner entirely too general, to be upheld by the court. The exception should have stated the charges in the bill, and the interrogatory applicable thereto, to which the answer is addressed, and then have stated the terms of the answer verbatim, so that the court, without searching the bill and answer throughout, might at once have perceived the ground of the exception, and ascertained its sufficiency. It is very properly observed by the vice chancellor (Sir John Leach) in Hodgson v. Butterfield, 2 Sim. & S. 236, that "if the plaintiff complains, that a particular interrogatory of the bill is not answered, he must state the interrogatory in the very terms of it, and cannot impose upon the court the trouble of first determining, whether the varied expressions of the interrogatory and the exception are to be reconciled." See, also, Gres. Eq. Ev. 21. To which it may be added, that the same rule applies in respect to the necessity of stating the charge or fact in the bill, on which the interrogatory is founded; for, if the interrogatory be irrelevant to the matters charged in the bill, the defendant need not answer the interrogatory at all. Mitf. Eq. Pl., by Jeremy, 45; Coop. Eq. Pl. 12; Gilb. Forum Rom. 91, 218; Story Eq. Pl. § 36; Gres. Eq. Ev. (Am. Ed. 1837) 17–20; Story, Eq. Pl. § 853; Har. Ch. Pr., by Newland, c. 31, p. 181. The court ought, therefore, without searching through the whole bill, from the form of the exception, to have the materials fully before it, by which to ascertain at once its competency and propriety. In this respect the exception is in itself insufficient and exceptionable. The objection, however, has not been insisted upon at the bar. Nothing is more clear in principle, than the rule, that in the case of an interrogatory, pertinent to a charge in the bill, requiring the defendant to answer it "as to his knowledge, remembrance, information, and belief," (which is the usual formulary,) it is not sufficient for the defendant to answer as to his knowledge; but he must answer also, as to his information and belief. The plain reason is, that the admission may be of use to the plaintiff as proof, if the defendant should answer as to his belief in the affirmative, without qualification. Thus, although a defendant should state, that he has no knowledge of the fact charged, if he should also state, that he has been informed and believes it to be true, or simply, that he believes it to be true, without adding any qualification thereto, such as that he does not know it of his own knowledge to be so, and therefore, he does not admit the same, it would be taken by the court, as a fact admitted or proved; for the rule in equity generally (although not universally) is, that what the defendant believes, the court will believe. 2 Daniell, Ch. Pr. 257, 402; Gres. Eq. Ev. 19, 20; Potter v. Potter, 1 Ves. Sr. 274; Cooth v. Jackson, 6 Ves. 37, 38; Story, Eq. Pl. § 854. The rule might, perhaps, be more exactly stated, as to its real foundation, by saying, that whatever allegation of fact the defendant does not choose directly to deny, but states his belief thereof, amounts to an admission on his part of its truth, or, that he does not mean to put it in issue, as a matter of controversy in the cause. But a

mere statement by the defendant in his answer, that he has no knowledge, that the fact is, as stated, without any answer, as to his belief concerning it, will not be such an admission, as can be received as evidence of the fact. 2 Daniell, Ch. Pr. 257, 402; Coop. Eq. Pl. 314; Har. Ch. Pr., by Newland, c. 31, p. 181. Such an answer is insufficient; and, therefore, the defect properly constitutes a matter of exception thereto, since it deprives the plaintiff of the benefit of an admission to which he is justly entitled. Id. However, courts of equity do not, in this respect, act with rigid and technical exactness, as to the manner, in which the defendant states his belief, or disbelief, if it can be fairly gathered from the whole of that part of the answer, what is, according to the intention of the defendant, the fair result of its allegations. 2 Daniell, Ch. Pr. 257; Amhurst v. King, 2 Sim. & S. 183.

It is obvious, that in answers as to the information and belief of the defendant, there may be, and indeed, ordinarily will be, partial admissions and partial denials, of every shade and character, some of which may be delivered in terms of great ambiguity and uncertainty, and some mixed up with various qualifications, and attendant circumstances. Gres. Eq. Ev. (2d Ed. 1837.) No general rule, therefore, can be laid down, which will govern all the different classes of cases, which may thus arise, as to the sufficiency or insufficiency of an answer in this respect. A man may have an undoubting belief of a fact, or he may disbelieve its existence, or he may believe it highly probable, or merely probable, or the contrary, or he may have no belief whatsoever, as to it. In each of these cases, he is bound to answer conscientiously, as to the state of his mind, in the matter of his belief; and if he does, that is all, which a court of equity will require of him. If a man truly states, that he cannot form any belief at all respecting the truth of the fact or information, that is sufficient, and it puts the plaintiff upon proof of it. If, on the other hand, the defendant should state, (as in the present case the defendant does in effect state,) that he "has no knowledge, information, or belief, that the fact or information inquired about, is not true," or if he states (as in the present case), that he has been informed by a party, and verily believes, that such party did not possess any knowledge, information, or belief of the fact which the interrogatory points out; in each of these cases, it seems to me, that the answer, if expressive of the true state of mind of the defendant, might at least, for some purposes, be held sufficient. But, then, if such language were unaccompanied by any other qualifications, or explanations, I should understand, that the defendant did mean to assert his belief of the truth of the information or statement of fact, because, if he had no knowledge, information,

or belief, that it is not true, he must be presumed to give credit to it; and if he did not intend so to be understood, it would be his duty to say in express terms, that he had no belief about the matter; and he ought not to be allowed to shelter himself behind equivocal, or evasive, or doubtful terms, and thereby to mislead the plaintiff to his injury. And this leads me to remark, and it is the real and only point of difficulty, which I have felt upon the exception, whether, although the plaintiff may agree to take and accept such an admission, interpreting it as affirmative of the defendant's belief, if in that sense it would be beneficial to himself, he is positively bound to receive it, when it is clearly susceptible of a different, or even of an opposite interpretation, which may affect the nature and extent of his proofs at the hearing of the cause. Upon full reflection, I think, that he is not positively bound to receive it, although certainly I should interpret it as an affirmative, if it would be favorable for the plaintiff; but he has a right to require, that the defendant should state in direct terms, or, at least, in unequivocal terms, either that he does believe, or that he does not believe the matter inquired of, or that he cannot form any belief, or has not any belief concerning the matter, and according as the answer shall be the one way or the other, that he calls upon the plaintiff for proof thereof, or he admits, it, or he waives any controversy about it.

Upon this ground my opinion is, that the exception is well founded, at least, as to some of the allegations in the answer. It may, perhaps, be sufficient for the court merely in this general manner to intimate its present opinion upon the case; and it will be easy for the counsel to make its application to the various parts of the answer complained of. But to make myself more clearly understood, I wish to give an illustration of the principle, drawn from the present bill and answer, especially as the nature of the objection may thereby be seen in a more strong and exact light. The object of the bill is to obtain, among other things, a perpetual injunction to a suit now pending, on the law side of this court, brought by the defendants in the bill (Byam and others) against the plaintiff (Brooks), for a violation of a patent, which they claim title to, as assignees of the patentee; and, among other charges, the bill for this purpose alleges, that the original patentee (Alonzo D. Phillips) had before his assignment to these parties assigned a limited right therein to one John Brown, under whom the defendant claims a still more limited title, as a sub-purchaser pro tanto, and insists that his acts done in supposed violation of the patent, are rightfully done under this sub-title. The patent is alleged to bear date on the 24th of October, 1837; the assignment to Brown, on the 2d of January, 1837; the assignment to

Brooks, on the 18th of September, 1837; but it was not recorded until the 15th of July, 1839; and the assignment to Byam, on the 28th day of July, 1838, under whom the other defendants (Whitney and others) derive title, which was duly recorded within the time prescribed by law, whereas the assignment to Brown was not. Under these circumstances the bill charges, that Byam at the time of the assignment to him and the other defendants (and, among them, Whitney) at the time of the assignment to them by Byam, had knowledge and information, and good cause of belief of the prior assignment to Brown. And in the interrogatory part of the bill the defendants are required "full, true, direct, particular, and perfect answer and discovery to make, and that not only according to the best of their knowledge, but to the best of their respective information, hearsay, and belief, to all and singular the matters and allegations and charges aforesaid."

Now, the answer of the defendant, Whitney, (which is excepted to,) states, that he (the defendant) does not of his own knowledge know, whether, at the time of the assignment to Byam, he (Byam) had any information, or knowledge, or had any cause to believe, that Phillips had previously made any conveyance to Brown, or Brown to the plaintiff (Brooks) as alleged in the bill; but this defendant has been informed by said Byam, that at the time, when the said Phillips conveyed and assigned to him all his right and interest in and to the patent right, the said Byam had no knowledge, information, or cause to believe, that the said Phillips had made any conveyance to the said Brown, or that the said Brown had made any conveyance to the complainant; "and this defendant has no knowledge, information, or belief, that the information so derived from the said Byam is not true." Now, it is to the matter and form of this last clause (and a like allegation is to be found in other parts of the answer), that the objection is taken by the exception. The argument is, that the clause is ambiguous; that it does not assert, in direct terms, that the defendant believed or disbelieved the statement of Byam; or that the defendant had no belief, or was unable to form any belief about the matter, and, therefore, required the plaintiff to prove the knowledge, information, or belief of Byam at the time of the assignment to him. So that, in fact, the defendant, by the form of his allegation, does not positively put the asserted fact in controversy, as to the knowledge, information, or belief of Byam, by affirming his own belief of Byam's statement; neither does he dispense with the proof thereof, by denying his own belief thereof; neither does he assert, that he is unable to form any belief upon the subject, and therefore calls for proof of the allegation of the bill on this point; but he leaves the matter in a state of ambiguity and open to different interpretations, as to the true intent and meaning of the answer. It appears to me, that in this view the exception is well founded. When the defendant says, that he "has no knowledge, information, or belief, that the information so derived from the said Byam is not true," he merely pronounces a negative, which may, indeed, in some sort amount to a negative pregnant, arguendo, that, as he has no information or belief, that it is not true, therefore he believes it to be true, which would certainly be a natural, although not an irresistible presumption. But it seems to me, that the plaintiff has a right to more than this; to know, whether the defendant himself has placed confidence in the statement or not, or whether his mind hangs in dubio, and he is unable to form any belief either way. In the latter case, certainly, less evidence would be necessary to infer presumptively the knowledge, information, or belief of Byam himself, than if the defendant himself believed Byam's statement, and acted upon that belief; for a court is not bound, in favor of a defendant, to have a more confident belief in a party, than the defendant himself professes to have. But what I rely on is, that the defendant, by such a form of answer, leaves it entirely equivocal, whether he believes, or is unable to form any belief; and the plaintiff has a right to know positively, which of the two is his real predicament.

The exception, therefore, on this point, ought to be allowed.

[NOTE. For subsequent proceedings, see Case No. 1,948, following.]