BOWER BARFF RUSTLESS IRON CO. *v.* WELLS RUSTLESS IRON CO.

*(Circuit Court, S. D. New York. July 30, 1890.)*

1. EQUITY PLEADING—EXCEPTIONS TO ANSWER.
   New matter set up in an answer as a substantive defense is not subject to exceptions.
2. SAME.
   Exceptions which fail to state the charges in the bill to which the answer is addressed, and the exact terms of the answer, are too general to be considered.

In Equity. On exceptions to answer.
*Blair & Rudd,* for complainant.
*Witter & Kenyon,* for defendant.

WALLACE, J. The first five exceptions to the answer of the defendant for insufficiency are overruled because they relate to new matter set up in the answer by way of defense, and not to matter which is not sufficiently responsive to the interrogatories of the bill. A substantive defense, not responsive to the inquiries in the bill, but consisting of new matter exclusively, is not the subject of exceptions. Exceptions only lie to an insufficient discovery, or to scandal and impertinence. *Adams* v. *Iron Co.,* 6 Fed. Rep. 179; *U. S.* v. *McLaughlin,* 24 Fed. Rep. 823. The remaining three exceptions to the answer are taken in form and manner entirely too general. "The exception should have stated the charges in the bill and the interrogatory applicable thereto to which the answer is addressed, and then have stated the terms of the answer *verbatim,* so that the court, without searching the bill and answer throughout, might have at once perceived the grounds for the exception, and ascertained its sufficiency." *Brooks* v. *Byam,* 1 Story, 296. The exceptions are overruled.