MARY L. V. B. THOMPSON, administratrix,

*v.*

ELIZABETH L. NORTH et al.

[Filed October 6th, 1904.]

1. If a defendant submits to answer he must answer fully, and not only as to his *knowledge* of each fact charged ; he must answer if he have no knowledge, as to his information and belief regarding it.

2. An unqualified admission on information and belief will dispense with proof of the fact· alleged.

3. A defendant is not, in answering, required to obtain information, not in his own or his agent's possession.

---

On exceptions to answer.

*Mr. Edward S. Atwater* and *Mr. Thompson,* for exceptant.

*Mr. James E. Howell, contra.*

STEVENS, V. C.

The rules to be applied are entirely settled. They are these : If a defendant submits to answer he must answer fully. A general denial will not suffice. He must answer each material allegation of fact charged in the bill. And he must answer not only as to his knowledge of each fact so charged, but also, if he have no knowledge, as to his information and belief regarding it.

And it will not be sufficient for him to answer merely as to his information; he must also state his belief. Of course, if he has no information outside of the statements of the bill he is not required to state his belief of those statements. If he has information from any other source than the bill, and has any belief grounded thereon, he must state such information and belief. *Story Eq. Pl.* § *854; King* v. *Ray, 11 Paige 236; Woods* v. *Morrell, 1 Johns. Ch. 103; Reed* v. *Cumberland Insurance Co., 36 N. J. Eq. (9 Stew.) 146.* The reason is "that whatever allegations of fact the defendant does not choose directly to deny, but states his belief thereof, amounts to an admission that it is true, or that he does not mean to put it in issue as a matter of controversy in the cause." *Brooks* v. *Byam, 1 Story Rep. 296.* As it is tersely said in some of the cases, what the defendant believes the court will believe. An unqualified admission on information and belief will in general dispense with proof of the fact alleged. *Dan. Ch. Pr. (6th Am. ed.)* *840; Tayl. Ev.* § *737.*

There is another rule of pleading applicable to this controversy and that is this: that a defendant, with regard to transactions that are not his own, is not bound to find out information for the purpose of communicating it to complainant. *Christian* v. *Taylor, 11 Sim. 404.* "A defendant," says Chancellor Kent in *Morris* v. *Parker, 3 Johns. Ch. 300,* "ought not to be required to obtain information [that is, information neither in his own possession nor in his agent's, as to which latter see *Earl of Glengall* v. *Frazer, 2 Hare 99,* and *Vreeland* v. *New Jersey Stone Co., 25 N. J. Eq. (10 C. E. Gr.) 140]* so as to meet the plaintiff's wishes and thereby become his agent to procure testimony."

With these rules before us the solution of the case is easy.

The first exception is overruled. The defendants are asked, apparently, to admit, not certain paragraphs of the will set forth *in hæc verba,* but its legal construction.

The second and third exceptions are sustained. The answering defendants are so situated that they probably have both information and belief as to the facts specifically charged. The

complainants are entitled to a specific answer as to their information and belief in reference to each of these facts. If they have no information or belief they must say so. .

The fourth exception is sustained. The answer to the paragraph herein mentioned is not only too general but it does not state defendants' information and belief. .

The fifth exception is overruled. So far as not answered it only states complainant's view of the law.

The sixth exception is sustained. The answer is not sufficiently specific and it does not state defendants' information and belief. .

The seventh and eighth exceptions are sustained. If defendants have no knowledge of the value of the stock, they must say what their information and belief is, if they have any. The same remark applies to the statement concerning the financial straits of Ellen and Joseph Knowles and of Mrs. Lore's knowledge thereof. .

The ninth exception is sustained in so far as it relates to Anna Julia McGrew. She should either have admitted or denied that any statement was made to *her* by Ellen Knowles. The answer of Elizabeth North is, perhaps, formally defective in not stating that the statement made to Mrs. Lore in her presence was the *only* statement made to her or in her hearing on the subject.. .