## J. W. ROSAMOND *v.* CARROLL COUNTY ET AL.

### [57 South. 979.]

1. ACTION.   *Damages.   Nuisance.   Successive recoveries.   Judgment bar.   Pleading.   Exception.*

The erection of an embankment which causes the obstruction of the natural flow of water and causes damages to the land of another is a continuing nuisance for which successive recoveries can be had.

2. JUDGMENT.   *Operative as bar.   Prospective damages.*

A declaration, upon which a former recovery was had for damages for a continuing nuisance caused by the erection of an embankment which stopped the natural drainage of water and caused it to overflow plaintiff's land, did not seek to recover prospective damages, although it alleged that the land was permanently damaged; this simply meant that the damage then accrued was permanent—that the reduction in value of the land was permanent and such former recovery is not a bar to damages afterwards accruing from subsequent overflows.

3. PLEADING.   *Exception.*

Exceptions to an answer lie only to an insufficient discovery, and not to the legal sufficiency of matter set up therein as an affirmative defense to the relief prayed for.

APPEAL from the chancery court of Carroll county. , HON. J. F. McCOOL, Chancellor.

Suit by J. W. Rosamond against Carroll county and another. From a judgment for defendants, plaintiff appeals.

This suit was begun in the chancery court by the appellant, who sought to recover damages of the county of Carroll and one Briscoe, who owned property adjacent to that of appellant. The bill alleged that defendant Briscoe, with the consent of the county and in utter disregard of complainant's rights, had thrown up an embankment on his own lands, thereby causing damage

to plaintiff's lands by overflow. The bill itself shows that the embankment was erected about 1901, and that in 1902 appellant brought suit against the county in the circuit court and recovered a judgment for five hundred dollars for damages at that time to the identical land caused by the building of this same embankment. The bill alleged, however, that the damage was a continuing one, and that complainant was entitled to recover for whatever damage was done to his crops by each and every overflow. The answer of the defendants is a general denial, and charges that the recovery in the circuit court in 1902 included all damages, both those which accrued before the rendition of the judgment and those to accrue thereafter. The plaintiff excepted to that portion of the answer which related to the judgment of the circuit court. The court overruled the exceptions, and the appellant prosecutes an appeal from this interlocutory decree.

*Coleman & McClurg,* for appellant.

*Jack Thompson,* assistant attorney-general, for appellee.

No brief of counsel on either side found in the record.

SMITH, J., delivered the opinion of the court.

The nuisance complained of is a contingent one for which successive recoveries may be had.

It is unnecessary for us to decide whether a party can in one suit recover all damages, present, past, and prospective, sustained and to be sustained, from a nuisance of this character, for the reason that the declaration upon which appellant's former recovery was had did not seek to recover prospective damage. It is true that it alleged that the land was permanently damaged, but that simply meant that the damage then accrued was permanent—that the reduction in value of the land was

permanent.   The land might be permanently damaged
by each .successive inundation. Appellant's former re-
covery, therefore, is not a bar to the present action.

This cause comes to us on an appeal from a decree of
the chancellor overruling exceptions to affirmative mat-
ter set up in an answer as a bar to the relief prayed for.
Exceptions to an answer lie only to an insufficient dis-
covery, or to scandal and impertinence, and not to the
legal sufficiency of matter set up therein as an affirma-
tive defense to the relief prayed for.   I Pleading & Prac-
tice, 898; 16 Cyc. 315; Puterbaugh's Chancery Plead-
ing & Practice (5th Ed.) 143; *Bower Barff Rustless Iron
Co.* v. *Wells Rustless Iron Co.* (C. C.), 43 Fed. 391.   No
objection on this point, however, has been made by coun-
sel for the appellee, and we will not in this instance
raise the point ourselves.

The decree of the court below is reversed, and the cause
remanded.                          *Reversed and remanded.*