PERRY *v.* BANK OF COMMERCE.

[80 South. 332—116 Miss. 838;   77 South. 812, Division A.]

1. EQUITY. *Answer. Mode of testing sufficiency.*
   . If a plaintiff desires to test the sufficiency of the matter set forth in defendant's answer to bar his right to relief, he should not except thereto but should set the cause down for hearing on the bill and answer.

2. SAME.
   An answer under oath is both a pleading and a deposition. As a pleading it is not subject to any test as to its sufficiency except at a hearing on bill and answer;   the test then being as to whether it is sufficient to bar complainant's right to relief. As a deposition, however, an answer can be excepted to on the ground of the insufficiency of its responses to the charges and interrogatories contained in the bill.   The exceptions challenge the sufficiency of the answer as a deposition, pointing out with particularity wherein the answer fails to respond to the discovery called for in the bill.

3. BANKS AND BANKING. *Reduction of capital.*
   · Under the facts in this case, as set out in its opinion, the court held that the banking corporation had the right, under its charter, to issue to and require its stockholders to accept a certificate for a fractional part.of a share of stock, this being made necessary by a reduction of its capital.

4 BANKS AND BANKING. *Liability of officers and stockholders. Release by reduction of capital.*

  A reduction in the capital stock of a banking corporation will not release the liability to stockholders of its officers and stockholders who squandered the assets.

APPEAL from the chancery court of Grenada county. HON. J. G. McGOWAN, Chancellor.

Suit by Bank of Commerce against J. C. Perry. From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*Roane & Roane* and *Green & Green,* for appellant.

*McLean & Carruthers,* for appellee.

SMITH, C. J., delivered the opinion of the court.

Appellee exhibited its bill in the court below setting forth, in substance, that it is a corporation duly chartered under the laws of the state of Mississippi, and that its capital stock, before the amendment to its charter hereinafter referred to, was thirty-five thousand dollars; that, at a meeting of its stockholders regularly called and participated in by a majority thereof, its capital stock was reduced to twenty-five. thousand dollars; and it was ordered "that the certificate of stock now outstanding be called in and new certificates be issued in lieu of said old certificates in. proportion to the amount of stock now held by each stockholder, that the new certificates be issued upon the said reduced capital," and that this amendment to its charter was approved by the state in the manner required by law.

Appellant was the owner of nine shares of appellee's capital stock which, under the amendment to its charter, he is required to surrender and to receive in lieu therefore new certificates for six and three-sevenths shares, but which he declined to do. The prayer of the

bill is that appellant be required to surrender his old, and receive the new, shares of stock. Appellant demurred to the bill, his demurrer was overruled, an appeal was taken to this court, and the decree overruling the demurrer was affirmed and the cause remanded for further proceedings. *Perry* v. *Bank,* 116 Miss. 838, 77 So. 812. On the return of the cause to the court below, appellant filed an answer which, among other things, set forth that appellee's business had been so carelessly and negligently conducted that about one-third of its capital stock had been lost, "that said loss was due to improper loans made by those seeking to reduce said capital stock, and that the sole cause of said attempted exercise of this power is to continue to control the portion of the trust fund belonging to this respondent in that business which said complainant has made unprofitable and a losing venture," and that the amendment to appellee's charter "was passed solely for the purpose of covering up the bad management of said directors and other officers who controlled the majority stock in said corporation."

Appellee excepted to this answer for two reasons: First, that "it sets up no ground of defense to the bill of complaint;" and, second, that all the defenses therein sought to be set up are decided adversely to appellant when its demurrer was overruled. This exception was sustained by the court, and, appellant declining to plead further, a decree was rendered according to the prayer of appellee's bill.

If appellee desired to test the sufficiency of the matter set forth in appellant's answer to bar its right to relief, it should not have excepted thereto, but should have set the cause down for hearing on the bill and answer; but the result reached in the court below is the same as would have been had the cause been tried according to the proper mode of procedure.

"An answer under oath is both a pleading and a deposition. As a pleading, it is not subject to any test as

to its sufficiency except at a hearing on bill and answer; the test then being as to whether it is sufficient to bar complainant's right to relief. As a deposition, however, an answer can be excepted to, on the ground of the insufficiency of its responses to the charges and interrogatories contained in the bill. The exceptions challenge the sufficiency of the answer as a deposition, pointing out with particularity wherein the answer fails to respond to the discovery called for in the bill." Gibson's Suits in Chancery, section 420.

See *Rosamond* v. *Carroll County*, 101 Miss. 701, 57 So. 979.

Appellant's contention that appellee has no right under its charter to issue or to require him to accept a certificate for a fractional part of a share of stock is without merit.

The ground upon which appellant bases his contention that the matters hereinbefore set forth in his answer should bar appellee's claim for the relief prayed for is that, if the reduction in appellee's capital stock is permitted, the liability to appellee and its stockholders of those of its officers and stockholders who are alleged to have squandered its assets will be released, and that therefore appellant's property, that is, his interest in the amount that could be recovered against the defaulting officers and stockholders, will be taken from him without compensation and against his will; but this reduction of appellee's capital stock will have no such effect, consequently this contention is also without merit.

The other questions presented by this record were passed on in the former appeal.

*Affirmed.*