MORRIS and MOWATT, Assignees of C. SANDS, *against* S. D. PARKER.

*January 23.*

When a defendant answers, that he has not any knowledge or information of a fact charged in the plaintiff's bill, he is not bound to declare his belief, one way or the other. It is only when he states a fact upon information, or hearsay, that he is required to state his belief or unbelief.

Where certain documents are set forth, historically, in the stating part of the bill, the defendant must answer to the fact of the *existence* of such documents, according to his knowledge, or his information and belief. He is not bound to answer to the *facts* contained, or stated, in such documents, unless particularly stated, *distinct* from the documents.

Where the defendant answers, that he " is utterly and entirely ignorant" as to the fact to which he is interrogated, it is sufficient.

ON appeal from the Master's report, allowing *exceptions* to the *answer* of the defendant.

The material facts charged in the bill, or to which the defendant was interrogated, and his answer to which was excepted to, as evasive and unsatisfactory, are sufficiently stated by the court.

*Riggs,* for the plaintiffs.

*T. Sedgwick,* contra.

THE CHANCELLOR. The first exception to the answer is, that the bill having set forth a certain petition to have been presented to the Circuit Court of the *United States,* for the district of *New-York,* by James Bingham, and Benjamin Stokes, as assignees of *John Jones Waldo,* a bankrupt, and the contents of the said petition; the defendant, in answer to that part of the bill, said he had not any "*knowledge or information*" as to the truth or falsehood of the several allegations charged to have been contained in that

1818.

MORRIS
v.
PARKER.

petition without stating what his *belief* was concerning the same.

It is not necessary even to look into the bill and answer, to pronounce this exception unfounded. It appears, upon the very face of it, not to have been well taken. When a defendant answers, that he has not any knowledge or information of a fact charged, he answers sufficiently, and is not bound to declare his belief. He is not to be supposed to have any belief, one way or the other. The rule requiring a defendant to state his belief, is when he states a fact upon information or hearsay. In such case, he must add his belief, or unbelief, of the report or information. But when he has neither knowledge, or information as to facts stated by the plaintiff, he is not bound to say more. It would be very unreasonable to compel a defendant, who knows nothing, and has heard nothing on the subject, except from the plaintiff's bill, to declare what his opinion or belief is of the plaintiff's veracity. It is sufficient for him to say, that he does not know, nor has he heard or been informed of the facts charged in the bill, save by the bill itself; and that he, thereupon, leaves the plaintiff to make proof of these charges as he shall be advised.

This exception is not well taken in another point of view, and one which was urged by the counsel for the defendant. The petition mentioned in the exception, is set forth in the stating part of the bill as one of the facts composing the history of the plaintiff's case. The contents of the petition are not stated as distinct, independent facts, but it is stated, that *Bingham* and *Stokes* presented a petition to the Circuit Court, containing such and such allegations. The exhibition of the *petition* is the only fact properly stated, and all that the defendant could be called on to answer was, *whether such a petition, with such contents,* was not presented. He was not bound to answer to every fact stated *in that petition,* any more than he was bound to

answer to every fact contained in the act of congress, which is also set forth, at large, in the bill, or to answer to every allegation contained in the answer of *Bingham* and *Stokes*, to the bill filed against them in the Circuit Court, which answer is, also, substantially set forth in the bill, in this case. The petition, the act of Congress, and the answer of *Bingham* and *Stokes*, are all set forth, historically, as matters of fact, in the stating part of the bill; the defendant was bound to answer to the fact of the existence of such documents, according to his knowledge, if he had any; if not, then according to his information and belief; and if he had neither knowledge nor information, he was bound to say so, and no more. If the plaintiffs deemed the facts set forth in the petition of *Bingham* and *Stokes*, or in their answer, material to their case, they ought to have stated those facts, *as facts distinct* from the documents in which they were contained, and then they might have required a distinct and particular answer.

This first exception, is, accordingly, overruled.

The second exception is, that the defendant, by his answer, says he had heard that a commission of bankruptcy was issued in *England*, against *John J. Waldo*, together with his partners, *Joseph Waldo* and *John Francis*, and that he was declared a bankrupt; but he does not state according to his knowledge, information and belief, *when* the commission of bankruptcy issued, and *when J. J. W.* was declared a bankrupt.

The third exception is nothing more than the second exception, *in extenso ;* and it would have given more simplicity to the case, if they had been consolidated. This exception is, also, that the defendant does not state, as to his information and belief *when John Jones Waldo* was first declared a bankrupt, and *what estate* and effects he then had or claimed, and who were his *assignees*, and *when*, and to whom his estate was assigned.

Vol. III. 39

The bill sought discovery as to these facts, and charged that the defendant refused to discover when and where *John Jones Waldo* first became a bankrupt, who were his assignees, and to whom his estate was assigned, and when and by whom; and special interrogatories were pointed to those facts.

The only inquiry is, has the defendant sufficiently answered as to those facts.

He says, he has heard, that a commission of bankruptcy was issued in *England*, against *John Jones Waldo*, together with *Joseph Waldo* and *John Francis*, all of whom were partners, as he has heard and believed, and carried on trade in *England*, under the firm of *Waldo, Francis & Waldo* and that the two last were residents in *England*, when the commission of bankruptcy issued, and *John Jones Waldo*, was not in *England*, but in the *United States*, when the said commission issued; that he never appeared, and was declared a bankrupt in his absence; and as to *the time* when the said commission issued in *England*, or *as to the proceedings thereon*, further than he has been informed and set forth aforesaid, the defendant is *utterly and entirely ignorant*, and, therefore, cannot set forth, or discover, more particularly than he hath herein before done, when and where the said *John Jones Waldo* first became a bankrupt, or what estate and effects he had, or claimed right or title to, or had or claimed any interest in, when he became a bankrupt, or who were chosen assignee or assignees of his estate and effects, or to whom, or when, or by whom, his estate and effects, rights, claims, and credits, were conveyed or assigned, &c.

If the exception had been, that the defendant states that he had heard that a commission of bankruptcy issued in *England* against *Waldo*, without stating his belief one way or the other of that hearsay, the exception would have been well taken. But that is not the point of the second or third exception. They do not find fault with the an-

swer in the admission of the fact of a commission having issued. Such an exception would indeed have been too nice and hypercritical, for it is apparent that the defendant, all along, assumes, and means to admit, the *fact* of the commission. The objection is, that he does not answer according to his knowledge, information, and belief, *when* such a commission issued, what the estate the bankrupt then had, and to whom and when it was assigned. But these exceptions are founded on erroneous deductions. The defendant does declare all he can or ought to be asked to declare, when he says that he is " utterly and entirely ignorant" of the time when the commission first issued, and what estate *Waldo* had, and when and to whom it was assigned. He avers his absolute ignorance of all these facts, and therefore cannot answer to them. He states what he has heard as to the commission, and so far there is no exception; he then says, "as to the time when it issued, or as to the proceedings under the commission, farther than he has before set forth, he is utterly and entirely ignorant." His ignorance is total as to the time, and it is equally absolute as to any proceedings other than those he has particularly set forth. After this, what use can there be in requiring a farther answer? The defendant may, indeed, have acquired more knowledge since he put in his answer, but this I am not to suppose. So, perhaps, by making inquiries in *Boston*, where he resides, and certainly by sending to *England*, he may, if required, gain the requisite information. But a defendant ought not to be required to obtain information, so as to meet the plaintiff's wishes, and thereby become his agent to procure testimony. He is to answer as to what he knows, or has been informed of, when called upon to answer; and, certainly, if the defendant's mind remains with only his former knowledge and information, then it would be impossible for him to answer more particularly as to the time, and as to the other matters contained in the ex-

1818.            exceptions, without the admission of palpable perjury in his
                 first answer.

PHELPS                No person can be more anxious than I am to procure to
v.
GREEN.           every proper inquiry in a bill, an explicit, frank, and full
                 answer, and I am exceedingly jealous of every thing that
                 looks like evasion.   My mind, on this subject, was fully de-
                 clared, in *Woods* v. *Worrel*, (1 *Johns. Ch. Rep.* 107.)   But,
                 on the other hand, I am not inclined to indulge in too much
                 severity of criticism in weighing the force of every word
                 and sentence, in an answer, unless I perceive some
                 design to evade a sifting inquiry.  My impression, on reading
                 the present answer, is, that it is not liable to any well-found-
                 ed objection as to the matters complained of, and the excep-
                 tions are, consequently, overruled.   The question of costs
                 is reserved.

                                          Exceptions overruled.