### Smith *against* Lasher and another.

A defendant, as to facts not within his knowledge, must answer as to his *information and belief*, if he has any information on the subject, distinct from the bill.

It is not sufficient to answer to certain specific facts charged in the bill, " that they may be true, &c. but the defendant has no knowledge of, but is a stranger to, the foregoing facts, and leaves the plaintiff to prove the same."

Nor is it sufficient to say, " the defendant has not any knowledge of the foregoing matters, but from the statement thereof in the bill:" but the defendant should answer as to his information and belief, and admit or deny any information *dehors* the bill.

FIVE exceptions were taken to the answer, for insufficiency, which were referred to the master, who reported that

*May 7th.*

1821.

SMITH
v.
LASHER.

the first, second, third, and fifth exceptions were not well taken. The plaintiff excepted to the master's report.

*D. Cady*, for the plaintiff, and in support of the exceptions to the report.

*Henry*, contra.

THE CHANCELLOR. As to the first exception, the answer to certain specific facts charged in the bill, states, " That it may be true, &c. but that they have no knowledge of, and are strangers to, the foregoing facts, and leave the plaintiff to prove the same." This is not a sufficient answer to facts which are not in the defendants' own knowledge. A defendant ought to answer according to his *information and belief*, if he has any information on the subject distinct from the bill. This was the rule of pleading stated in *Woods* v. *Morrell;* (1 *Johns. Ch. Rep.* 107.) and the authorities there referred to, show the rule. There was nothing said in *Morris* v. *Parker*, (3 *Johns. Ch. Rep.* 297.) in opposition to this rule. It was only declared, that when the defendant averred, in his answer, that he had no knowledge *or information* as to the matter of fact charged, he was not bound to say any thing as to his belief, and that when he was required to state his belief, if any, it was when he referred to information or hearsay. "As to the act of another," says *Bohun's Cur. Can.* (p. 111.) " and which act the defendant does not certainly know, he ought to say, *he has heard and thinks, or believes it to be true*, or that *he does not think or believe*, &c. and not to say only *that he has heard*." The same precise rule is laid down in *Wyatt's P. R.* 14. and 1 *Har. Pr. in Chancery*, 302. and in *Cooper's Tr. of Pleading*, 313. In the latter work, the rule is stated in these words: "But as to facts which have not happened within his own knowledge, he must answer as to his information and belief, and

not to his information merely, without stating any belief either one way or the other."

In the present case, the defendants answer as to knowledge, but they were bound to answer as to *information* likewise, and if they had information, they were to add their belief arising upon that information. Instead of this, they say, they are *strangers to the foregoing facts*. These are words of equivocal import. They may be strangers to the facts, and yet have information and belief in respect to them; or they may be strangers to the facts, and have no information concerning them. There is danger in permitting such loose and indefinite terms to supply the place of the simple averment, that the defendant had *no information*, or was *utterly and entirely ignorant* of the fact. The first exception ought, therefore, to have been allowed. The second and third exceptions are equally well founded. The answer states, that the defendants " have not any knowledge of the foregoing matters, but from the statement thereof in the bill." They may have had information, and not knowledge of the facts, and they were bound to answer to their information and belief, and to admit or deny an information *dehors* the bill. The second and third exceptions ought also to have been allowed by the master. In other respects, the report of the master was correct.

The exception to the report, in respect to the 1st, 2d, and 3d exceptions to the answer, is allowed, and the residue of the exception to the report disallowed.

The question of costs is reserved.