## THE UTICA INSURANCE COMPANY *vs.* LYNCH and others.

Where a defendant is answering as to his own acts, or as to other matters either known to him or charged in the bill to be within his personal knowledge, he must answer the substance of each charge distinctly and particularly.

If he has any information on the subject other than such as is derived from the bill, he must answer as to such information, and as to his belief or disbelief of the facts charged.

A defendant is not bound to answer any allegations in the complainant's bill which are not material to be answered.

Where the defendant has no knowledge or information as to any of the facts stated in the bill, he may deny, generally, all knowledge or information of the same, without answering as to each charge separately, and may put the allegations of the complainant in issue by the general traverse at the conclusion of his answer.

Where the defendant has neither knowledge nor information of the matters charged, except what is derived from the bill itself, he is not bound to express any belief one way or the other.

No particular form of words is necessary in an answer; it is sufficient if it be not evasive, and if the substance is preserved.

April 3. THIS case came before the court on exceptions to a master's report, on exceptions to an answer for insufficiency. The complainants were judgment creditors of James Lynch, the former president of their corporation. They also claimed a specific lien on the interest of Lynch in the estate of his father, under a written agreement for a mortgage. The defendant Lynch had assigned his property to S. B. Roberts, in trust to pay certain preferred creditors, and among others the defendant Thomas Tillotson, who was not charged with having taken any part in the proceedings, or with having any personal knowledge of the facts in the bill. The defendant Tillotson answered as to his own debt and the consideration thereof; and he also answered certain other allegations in the bill, of which he had no personal knowledge, according to his information and belief. As to all the other matters stated in the bill, he denied any knowledge or information in relation to the same. Nine exceptions were taken to this answer for insufficiency, embracing the statements in the bill intended to be

covered by this latter part of the answer. The master allow-ed the exceptions, and the defendant appealed to the court from that decision.

*M. Hoffman,* for the complainants.

*J. Lynch,* for the defendant Tillotson.

THE CHANCELLOR. The question raised by these excep-tions is whether a defendant who has no knowledge or infor-mation as to the matters alleged in the bill is bound to an-swer each charge separately and particularly. Where a de-fendant is answering as to his own acts, or as to other matters either known to him or charged in the bill to be within his personal knowledge, he must answer the substance of each charge distinctly and particularly. If he has any information on the subject, other than such as is derived from the bill, he must answer as to such information, and to his belief or dis-belief of the facts charged.

It is now well settled that a defendant is not bound to an-swer any allegations in the complainant's bill which are not material to be answered. (*Cooper's Rep.* 212. *Rule,* 106.) And upon examination it will be found that all the cases, in which the defendant has been required to answer each charge separately and particularly, were cases in which the facts of which a discovery was sought were charged as his own acts, or as being within his own knowledge. If ten distinct facts are stated in the bill, and of which it is not alleged that the defendant ever had any knowledge, if he has really no knowledge or information as to either of those facts, it cannot be necessary that he should recite each particular allegation at length in his answer. He may in that case deny all knowl-edge or information on the subject matters of the bill, and put the allegations of the complainant in issue by the general traverse at the conclusion of his answer. (*See Jones v. Wig-gins,* 2 *Young & Jervis' Rep.* 385.) So if the defendant has knowledge or information only as to one of the facts charged, he may answer as to that fact in the usual manner, and may deny all knowledge or information as to the residue of the mat-

ters stated in the bill. In *Amherst* v. *King,* (2 *Sim. & Stu. R.* 183,) the defendant in his answer repeated, in the words of the bill, all the charges contained therein, and then alleged he was an utter stranger to those matters, and could form no belief concerning them. Such a recital in the answer, however, cannot be necessary where the answer can in any other way be made to refer to the charges in the bill with sufficient certainty. The answer in the case of *Smith* v. *Lasher,* cited on the argument, (5 *Johns. Ch. Rep.* 247,) was defective because the defendant only answered as to his personal knowledge, and said nothing as to his information and belief. Where he has neither knowledge or information, and never knew any thing in relation to the matters charged, except from the bill itself, he is not bound to express any belief one way or the other.

When the court must see that a further answer could not be of any possible benefit to the complainant, it would be an outrage upon common sense to say an answer was insufficient because a particular form of words had not been used. The English cases on this subject all show that no particular form of words is necessary, provided the substance is preserved, and there is no pretence that the answer is evasive. The general traverse at the end of the answer puts every thing in issue which the defendant cannot answer for want of information, and it enables the complainant to go into proof to sustain the allegations in the bill.

The exceptions to the master's report are well taken, and the exceptions to the answer must be disallowed. The defendant Tillotson is entitled to the costs of the reference to the master, and of the subsequent proceedings.