GEORGE RUMRILL *vs.* DANIEL SHAY & another.

A. bought two lots of land, a larger and a smaller, from B., but, by mistake, the deed covered only the large lot. C., knowing that A. had bought the two lots, and that the deed to him was not recorded, took a deed from B. of the small lot, and put it on record before A. recorded his deed. *Held*, that A. could maintain a bill in equity against B. and C. to have the mistake in the deed to him corrected.

BILL IN EQUITY against Shay and David M. Butterfield, alleging that the plaintiff bought of Butterfield, two adjacent lots of land in Chicopee, one large and the other small, and took a deed from him which was intended to cover both lots ; that by mistake the small lot was omitted from the deed ; that subsequently Shay fraudulently procured from Butterfield a deed of the small lot, and put his deed on record before the plaintiff put his on record ; that the plaintiff gave a warranty deed of the small lot to Michael Nelligan ; and that Shay threatened to eject Nelligan. The prayer was that Butterfield and Shay might be ordered to correct and reform the deed to the plaintiff, and Shay restrained from proceeding against Nelligan or selling the small lot. The bill was taken *pro confesso* against Butterfield. Shay, in his answer, did not set up the statute of frauds.

The case was referred to a master, who found that, owing to an omission, by a mistake, of part of the boundaries, as appeared from the deed and a plan, and which it is unnecessary now particularly to state, the small lot was omitted in the deed from Butterfield to the plaintiff ; and also found that when the defendant took the deed of the small lot from Butterfield he " had been told that Butterfield had given the plaintiff a deed of the land which included the lot in controversy, and had ascertained that said deed had not been recorded."

The case was reserved by *Ames*, J., on the pleadings and master's report for the determination of the full court.

*M. P. Knowlton*, ( *G. M. Stearns* with him,) for the plaintiff.

*G. Wells*, ( *N. A. Leonard* with him,) for Shay.

WELLS, J. That there is an omission, by mistake, of a part of the boundaries by which the land intended to be conveyed should be described, is manifest from inspection of the deed. The

Rumrill *v.* Shay.

deed also, when applied to the plan, about which there is no dis-agreement, furnishes the obvious means for its own correction.

As against Butterfield, the bill has been taken *pro confesso;* and thus the real contract and intention of the parties to the deed, and the nature and fact of the mistake, as set forth in the bill, are admitted. Against him, therefore, the plaintiff is entitled to the relief he seeks.

The defendant Shay does not deny the contract or the mistake, and does not set up the statute of frauds. He is a necessary party, because he has obtained from Butterfield a deed of the land, subsequent in date but of prior record, covering a part of the land intended to be included in the deed to the plaintiff.

Having jurisdiction of the cause for the purpose of relief by way of correction of the mistake in the plaintiff's deed, the court will retain the suit for the purpose of making that relief effectual and complete; and therefore will adjudge the plaintiff's rights as against Shay, and decree all proper relief against him; even if, upon proof that he took his deed with notice, an action at law or a legal defence might be maintained against him. But if the first deed passed no legal title to the plaintiff, no action or defence at law could be maintained, at least, without proof of actual fraud in giving and obtaining the second deed.

In equity, however, it is sufficient if Shay took his deed with notice of the plaintiff's equitable rights. That he had such notice is clear beyond question, from the master's report. The report shows no equitable grounds upon which Shay can resist the right of the plaintiff to have the title confirmed to him, according to the real intent of his deed from Butterfield. It is manifest that Shay took his deed with knowledge of the plaintiff's equitable rights, intending to take advantage of the neglect of the plaintiff to record his deed.

In order that the title of the plaintiff may be made good against both, the defendant Butterfield should be required to execute a deed of correction; and the defendant Shay should be required to join therein, or else to separately release to the plaintiff all right and title acquired from Butterfield in that part of the land intended to be included in the plaintiff's deed, which has since been conveyed to Shay. *Decree accordingly.*