### SAMPSON v. MUDGE and others.

*(Circuit Court, D. Massachusetts.    August 22, 1882.*

**1. EQUITY—MISTAKE OF LAW AND OF FACT.**

The mistake of a scrivener in one state as to the law of another state, is a mistake of fact.

**2. SAME—CORRECTION OF.**

The mistake of a scrivener in drawing a deed, whether it be a mistake of law or of fact, whereby he fails to carry out the previous agreement of the parties, may be corrected in equity; and oral evidence is admissible to prove the intention of the parties.

**3. SAME—DEED AS EVIDENCE OF INTENTION.**

Where, upon the face of the deed, it appears that the grantors intended to convey a fee, and, by mistake, they have failed to carry out their intention, the mistake may be corrected upon the evidence furnished by the deed itself.

**4. SAME—DEED AS NOTICE OF EQUITY.**

When the bill charges defendant with having notice of the true contract and intent of the parties to a deed when he made the levy, he takes by the levy the land of the debtor subject to all equities; and where the deed, on its face, discloses the intention, its record is notice to subsequent purchasers of the equity which that intention creates.

Bill in equity, filed October 11, 1881, by Hannah H. Sampson, of Massachusetts, against Hepsia B. Mudge, of Ohio, and Chandler Sampson and Frank G. Sampson, of Florida. All the defendants' accepted service, and the two Sampsons took no further steps in the cause. Mrs. Mudge demurred. The bill charged that upon the death of Olive H. Sampson, a daughter of the complainant, in July, 1874, the defendants Chandler and Frank Sampson became the owners in fee, subject to the plaintiff's dower, of one undivided sixth part of certain specified parcels of land in Charlestown, now a part of Boston; that in August, 1874, the plaintiff purchased of the said two defendants, in good faith, their entire share and estate in the said parcels of land, and paid them therefor, and for certain other property, $10,000 in money, and that it was distinctly and expressly understood by and between the respective parties that the said defendants were to convey to the plaintiff their entire undivided shares of said land, to hold in fee-simple; that pursuant to this contract they executed a deed, a copy of which is annexed to the bill, and marked A, whereby they intended to convey, and supposed they did convey, the same in fee-simple; and the plaintiff being informed by said defendants, and believing, that the deed correctly embodied the agreement, paid the purchase money, accepted the deed, and had continued in the use and enjoyment of the property; but she had

been lately informed that the defendant Hepsia B. Mudge, claiming that the deed conveys only an estate for the life of the plaintiff, had caused the legal remainder in the grantors to be levied on and sold, in November, 1880, upon an execution against them, she well knowing that the agreement, intention, and belief of the parties to the deed was as before alleged. The bill prayed for a reformation of the deed A, and for other relief. The parts of the deed most material to the case were that Chandler Sampson and Frank G. Sampson, both of New Orleans, in consideration of $10,000, "sell and transfer, with no warranty except as to their rights of heirship, unto Mistress Hannah Harlow, of lawful age, widow of the late Calvin C. Sampson, deceased, she being a resident of the town of Charlestown, state of Massachusetts, all and singular their hereditary rights, both movable or immovable, whether consisting in real and personal property, or in fruits and revenues, accrued and to accrue, of whatever nature, and in whatever place the same may be situated, without exception or reservation, * * * of, in, and to the succession of the late Olive H. Sampson, their sister, who died, etc. The said Mistress Hannah H. Sampson shall, by virtue of these presents, have and dispose of the hereditary rights hereby transferred in full ownership," etc., with subrogations to all rights and actions pertaining to said succession.

*S. J. Thomas* and *C. P. Sampson*, for plaintiff.

*W. B. French*, for Mrs. Mudge.

LOWELL, C. J. Counsel agree that the deed A does not convey a fee; but the defendant Mrs. Mudge contends that it cannot be reformed without violating the statute of frauds. The other defendants have not seen fit to plead or answer. It might be enough to say that the bill does not show that the agreement by which the plaintiff seeks to reform the deed was oral, but, as the case has been fully argued on the supposition that it was so, I will take that fact for granted. If it shall be found that the decisions in Massachusetts would authorize the court to reform this deed, there will be no occasion to cite other cases, because those decisions are as little favorable as any, and less so than most others, to the exercise of this equitable power.

1. It is clear that if there is any difference as to the amount of evidence required, or in any other way, between correcting a mistake of law and one of fact, the mistake of a scrivener in Louisiana as to the law of Massachusetts is a mistake of fact.

2. It is the law in Massachusetts, as elsewhere, that the mistake of a scrivener in drawing a deed, whether it be a mistake of law or fact, whereby he fails to carry out the previous agreement of the parties,

may be corrected in equity. *Canedy* v. *Marcy*, 13 Gray, 373; *Stockbridge Iron Co.* v. *Hudson Iron Co.* 107 Mass. 290; *Rumrill* v. *Shay*, 110 Mass. 170; *Wilcox* v. *Lucas*, 121 Mass. 21. In all these cases the evidence was oral, and in all but one the defense of the statute of frauds was set up. The court, in a very elaborate and ingenious opinion by the late lamented Justice Wells, in *Glass* v. *Hulbert*, 102 Mass. 24, refused to make a positive addition to the terms of a description in a deed upon merely oral evidence. This decision is ably criticised in 2 Pomeroy, Eq. Jur. § 867, and may need modification, but it is enough here to say that the court in that case escapes the argument of part performance upon grounds which are wholly inapplicable in this case, and this is, of itself, a vital difference between the two.

3. There is a third point which is favorable to the plaintiff. It appears by the deed itself, which, as is remarked by *Ames*, C. J., in *Allen* v. *Brown*, 6 R. I. 386, 398, is evidence of the highest order that the parties intended to convey a fee. No one can read the deed and doubt that it undertakes to grant whatever estate was derived by the grantors by inheritance from their sister. By the law of Massachusetts, these words in a will would convey a fee, and in this suit the question is precisely the same as if we were construing a will; that is, what was the true intention of the parties using the words? I do not mean to intimate that the plaintiff should not produce all the evidence she has if the case goes on, but that, upon the face of the deed, until some evidence is introduced one way or the other, it intends to convey a fee. This leads me to remark upon a *dictum* of *Wells*, J., in *Stockbridge Iron Co.* v. *Hudson Iron Co.* 107 Mass. 319, 320, that if, through a mistake of law, the agreement of the parties fails to be carried out in the deed, it may be corrected, but that if there is a mere mistake of law in the deed, without a previous agreement, it cannot be corrected. I do not suppose that there is often a deed, excepting in case of a gift, without a previous agreement; so that the distinction is not very important; but if a grantor, in unmistakable but untechnical language, undertakes to convey a fee, and by a mistake, which, in an arbitrary division of subjects we choose to call a mistake of law, has failed to carry out his intention, I have no doubt that the mistake may be corrected upon the evidence furnished by the deed itself. That would be the case before me if the deed had been drawn in this state; *a fortiori* when it was drawn in another. Therefore, if the case were rested merely upon the deed, I should not hesitate to say that there ought to be a reformation of it.

4. In most of the states a judgment creditor takes by his levy the land of his debtor, subject to all equities; but the law of Massachusetts is somewhat different in this respect, and puts such a creditor in substantially the position of a purchaser. But the bill in this case charges the defendant with having notice of the true contract and intent of the parties when he made the levy, and by such notice even a purchaser would be bound. *Rumrill* v. *Shay,* 110 Mass. 170. And, if I am not mistaken in saying that the deed upon its face discloses the intention, then its record may very well be held to be notice to subsequent purchasers of the equity which that intention creates.

Demurrer overruled.