LOUISA A. BURKE & others *vs.* CHARLES A. McLAUGHLIN & others.

WILLIAM MURRAY & another *vs.* LOUISA A. BURKE & others.

Suffolk.    October 17, 18, 1923. — November 27, 1923.

Present: RUGG, C.J., BRALEY, DECOURCY, & JENNEY, JJ.

*Equity Pleading and Practice,* Answer.    *Rules of Court,* Equity Rule 7.    *Equity Jurisdiction,* Reformation of deed, Mistake, Bona fide purchaser.    *Contract,* Construction.    *Evidence,* Of boundary.    *Husband and Wife.    Agency,* Existence of relation.

An answer to a bill in equity, which neither admits nor denies the allegations in a paragraph of the bill but merely purports to leave the plaintiff to prove the same, is improper.

Statement by JENNEY, J., of the requirements of an answer to a bill in equity as established by Equity Rule 7 and the decisions of this court.

In a suit in equity by the owner of land in a city against a husband and his wife, owners as tenants by the entirety of an adjoining parcel, and against the common grantor of the two parcels, the plaintiff alleged that by mistake a strip of land between the parcels which should have been conveyed to him was omitted from his deed and was conveyed to the defendant grantees, and he sought reformation of the deeds to rectify the mistake. The following facts were found by a master: The premises comprising the two parcels originally were shown as adjoining lots upon a recorded plan. Predecessors in title to the common grantor erected two tenement houses upon the entire parcel in disregard of the position of the dividing line of the lots shown on the recorded plan, and built an asphalt walk for use exclusively in connection with the building finally conveyed to the plaintiff and also a strong and permanent wire fence outside of the walk, both of which overlapped the boundary line on the recorded plan. When the plaintiff purchased the property, he was shown the fence and the walk and was told that they constituted the boundaries of the land to be purchased. Previous to the conveyance of the adjoining parcel, the defendant wife inspected the premises, saw the fence and the walk, and knew their purpose and use. An agreement in writing preceding the sale to the defendant grantees provided for a conveyance of " a certain estate . . . ˙[giving its number on a street] the same to contain 5,000 square feet of land more or less with the building thereon." There was no evidence that quantity of land was an essential element of the bargain. By mistakes of the scriveners, the deeds given to the plaintiff and to the defendant grantees, respectively, followed the boundary line as shown on the recorded plan. *Held,* that

(1) A finding of a mutual mistake justifying a decree reforming the deed to the plaintiff as against his grantor was warranted;

(2) The subsidiary facts found warranted a finding of a mutual mistake in the deed by the common grantor to the defendant grantees;

(3) In the circumstances, the mistake in the deed to the defendant grantees undermined and destroyed the effect of their status as *bona fide* purchasers and left them subject to the superior equitable right of the plaintiff, since it would be inequitable to allow purchasers in their position to reap the harvest of a bargain which they never intended to make;

(4) A finding was warranted by way of inference that the defendant wife in inspecting the premises before the sale acted not only for herself but in behalf of her husband;

(5) The agreement for sale to the defendants included only the estate by number on the street with the building thereon and, properly construed, embraced only the property so known, and that reasonably required for the purposes for which the buildings were occupied or fitted for occupancy;

(6) The description, in the agreement for the sale of the premises to the defendant grantees, of the area of the parcel to be conveyed as " 5,000 square feet of land more or less " did not enlarge the construction of the agreement;

(7) It was not reversible error for the master to admit evidence that the predecessor in title of the common grantor, who had erected the fence between the premises, described it as " the dividing line between these two pieces of property."

BILL IN EQUITY, filed in the Supreme Judicial Court on May 4, 1921, by Louisa A. Burke, the owner of a parcel of land at the corner of Chestnut Avenue and Paul Gore Street in that part of Boston called Jamaica Plain, her husband, Joseph F. Burke, and Mt. Washington Coöperative Bank, a mortgagee thereof, against William Murray and Julia E. Murray, husband and wife, owners as tenants by the entirety of an adjoining parcel, Roxbury Coöperative Bank, mortgagee of such adjoining parcel, and the heirs of Patrick McLaughlin, common grantors of both parcels, in which the plaintiffs alleged in substance that by mutual mistakes of all parties the deeds to the plaintiffs and to the Murrays and from them to the respective mortgagees did not describe the land intended to be conveyed, in that there was omitted from the Burke deeds and included in the Murray deeds a strip of land between the parcels.   The prayers were for reformation of all of the deeds.   Also, a

BILL IN EQUITY filed in the same court on May 9, 1921, by the Murrays against Louisa A. Burke and her mortgagee for an injunction to compel the removal of so much of her

building as intruded upon the strip of land in dispute and to restrain her from trespassing thereon.

The statute of frauds was not pleaded. The two suits were referred to a master and were ordered to be tried together. It appeared that the agreement for a sale to the Murrays was of " a certain estate situated in that part of Boston called Jamaica Plain and numbered 139 Chestnut Ave. — the same to contain 5000 square feet of land more or less with the building thereon." Other material findings by the master are described in the opinion. The Murrays excepted to the master's report on the following grounds:

" 1. For the reason that it states ' that in connection with the sales of these two parcels to the Murrays and Burkes there was a mutual mistake of the parties.' And it appears by the facts found that the title was taken to the house 139 Chestnut Avenue to William Murray and Julia E. Murray, wife of said William, as tenants by the entirety; and it also appears by the facts found that William Murray, one of the purchasers, examined the property only once, in the evening, seeing the place from the outside, going into a certain portion of the house, but making no examination of the yard, and that the matter of the wire fence referred to in the master's report was never called to his attention; and that the conclusion of the master, as above stated, in regard to a mutual mistake does not differentiate, as it should, between the situation of William Murray and the situation of Julia E. Murray.

" 2. For the reason that it states that ' on the facts found as above my conclusion is that in connection with the sales of these two parcels to the Murrays and Burkes there was a mutual mistake of the parties whereby the property undertaken to be conveyed to them by their respective deeds was erroneously described therein. And I so find.' That all the facts warranting this statement by the master have been fully set forth as findings in the earlier portion of the report and that this statement by the master is a finding on a rule of law, which he is not authorized to make, and not a finding of fact.

" 3. For the reason that it is founded in part, and largely,

on the evidence as to what Patrick McLaughlin, long since deceased, regarded as the dividing line; and it appears in other portions of the report that the Murrays never knew Patrick McLaughlin and had no knowledge of his opinion as to the dividing line, and that they, as purchasers, are to be deprived of their purchase because of the private opinion of a deceased person in regard to that deceased person's property, of which they had no knowledge.

" 4. For the reason that the master has purposely omitted the facts set forth in the evidence, and uncontroverted, that when Murray took title he examined the deed to see if there were five thousand feet conveyed to him and the lawyers got some book in the registry with a plan showing lot 26 with five thousand feet, which he examined before he paid his money, and the master has omitted this evidence after it was called to his attention, apparently for the purpose of making his report stronger in favor of the Burkes, and the parties filing these objections are entitled to have it inserted.

" 5. On the ground that the master has omitted from his report reference to the fact that the edge of the granolithic walk nearest the Murray house was shown as one part of the dividing line, and his report omits material facts favorable to the Murrays.

" 6. For the reason that the statement that Mrs. Murray admitted on the stand that she was not interested in the number of square feet in the lot, but only in the house, etc. is an unfair statement of her evidence."

The exceptions were heard by *Pierce*, J., by whose order there were entered interlocutory decrees overruling the exceptions and confirming the report and final decrees, ordering the reformation of the deeds as sought in the first suit, and dismissing the second suit. The Murrays appealed.

*S. C. Brackett*, for the Murrays.

*J. M. Hoy*, (*J. E. Reagan & A. A. Gelinas* with him,) for the Burkes.

JENNEY, J. This is a suit for reformation of a deed given to Louisa A. Burke, one of the plaintiffs, by persons claiming title under Patrick McLaughlin, deceased. The plaintiffs allege that the description in the deed, through mutual

mistake, does not describe all the land intended to be conveyed. There was tried with this suit another, in which William Murray and his wife, Julia E., ask for injunctive relief against Mrs. Burke and her husband to prevent their occupancy of the premises involved in both cases. Except as hereinafter specifically referred to, the first only is the subject of this opinion.

William Murray and Julia, his wife, two of the defendants, are the only appellants from the decrees entered by the justice who heard the case. Their answer neither admits nor denies the allegations of many paragraphs of the bill, but merely purports to leave the plaintiffs to prove the same. This course is not proper. A defendant in equity must answer fully, directly and specifically, with positiveness and certainty all material matters charged which affect the relief sought against him. Equity Rule 7. *Smith* v. *Lasher,* 5 John. Ch. 247. *Taylor* v. *Luther,* 2 Sumn. 228. A general denial is not sufficient. The answer with certainty should confess, avoid, deny, or traverse all material allegations. *Costello* v. *Tasker,* 227 Mass. 220. *Dailey* v. *Doherty,* 237 Mass. 365, 369. Story, Eq. Pl. § 852. If, because of lack of information or ignorance, a defendant is unable so to answer some part of the bill, an answer may be made on information and belief, or, if that course is not available, ignorance may be set up and facts may be put in issue by calling for their proof. *Morris* v. *Parker,* 3 John. Ch. 297. *Utica Ins. Co.* v. *Lynch,* 3 Paige, 210. *King* v. *Ray,* 11 Paige, 235. Whether, under the rules hereinafter cited, proof need be called for in the answer if the defendant properly avers ignorance, is not considered. See *Brown* v. *Pierce,* 7 Wall. 205, 211. Ordinarily, a defendant must answer positively, and not merely by remembrance or belief, to recent facts charged as within his own knowledge. Story, Eq. Pl. § 854. *Slater* v. *Maxwell,* 6 Wall. 268. *Woods* v. *Morrell,* 1 John. Ch. 103. *Hall* v. *Wood,* 1 Paige, 404. *Sloan* v. *Little,* 3 Paige, 103. An answer on its face wholly lacking conformity to these requirements should be treated as no answer at all. *Keown* v. *Keown,* 231 Mass. 404. *Caines* v. *Fisher,* 1 John. Ch. 8. Moreover, if facts well

alleged in a bill, other than for discovery only, are not properly denied or put in issue by the answer, they are deemed to be admitted. Equity Rule 28. See *Thomson* v. *Wooster*, 114 U. S. 104, 112. However, as the case has been fully heard without regard to the form of the answers, the appeals are considered as if there had been a proper joinder of issues.

The master, to whom the case was referred without instructions to report the evidence, found that the deed to Mrs. Burke was given under a mutual mistake of fact in that the parties intended to convey to her a considerably larger piece of land than that actually described in her deed, and ordered reformation as against the grantors, who are defendants, and who do not appeal. The appellants do not contend that the findings of the master of mutual mistake in this deed are unsupported by the evidence. The statute of frauds is not open even if the facts would have brought the case within its terms. *Glass* v. *Hulbert*, 102 Mass. 24. *Tracy* v. *Blinn*, 236 Mass. 585.

The question for decision is whether the plaintiffs are entitled to relief against the defendants William Murray and Julia E. Murray, now holding legal title to the property omitted by mistake from the deed to Mrs. Burke. Admittedly they cannot prevail if these defendants stand in the position of *bona fide* purchasers for value and without notice. In case of mutual mistake, relief is afforded against those who claim under the grantor except against those who by reason of being *bona fide* holders for value without notice have an equity superior to the grantee. *Rumrill* v. *Shay*, 110 Mass. 170. *Wilcox* v. *Lucas*, 121 Mass. 21. *Livingstone* v. *Murphy*, 187 Mass. 315. *Hillside Coöperative Bank* v. *Cavanaugh*, 232 Mass. 157. *Jeselsohn* v. *Park Trust Co.* 241 Mass. 388.

This principle must be applied to the facts in this case. The plaintiffs' grantors, claiming under Patrick McLaughlin, deceased, owned land on Paul Gore Street and Chestnut Avenue in that part of Boston known as Jamaica Plain. McLaughlin got title in 1897 from a grantee of Charles Molé, and at that time there was on the property, at the corner of these streets and fronting on Paul Gore Street, a block of

dwellings numbered 113, 115, 117, on that way. This is now claimed by the plaintiffs and herein is called the Burke house. McLaughlin erected a three-family house facing on Chestnut Avenue and numbered 139 thereon, which is now owned by the defendants Murray, and herein is designated by that name. Molé acquired title by two deeds, the first conveying the southeasterly part of corner lot numbered 26 on a duly recorded plan, and the second including the southeasterly part of lot numbered 25 on the same plan which was situated southwesterly of and adjoining the lot first conveyed to him. Lot 25 had a frontage of fifty feet on Chestnut Avenue and lot 26 was forty-three and forty hundredths feet wide where it bounded thereon. Molé in his deed, and his grantee in the deed to McLaughlin, described the land as two separate parcels, and both deeds followed the description in the deeds to Molé. The dwelling houses fronting on Paul Gore Street were erected in disregard of the dividing line between lots numbered 25 and 26. The structures, which were mostly upon lot numbered 26, overlapped upon the other lot by a few feet. Molé also constructed on lot 25 an asphalt walk from Chestnut Avenue, which was designed and used for access only to these buildings. After McLaughlin built the house on Chestnut Avenue, he constructed a walk along the side of that building away from the house on the corner. He also built a strong and permanent wire fence between the buildings. This fence extends from the rear of his land toward Chestnut Avenue to a point near the rear corner of the Murray building, and it is on a line which if continued would clear the Murray house by about three feet and join the line of the avenue substantially at a point coterminous with the street end of the southwesterly line of the asphalt walk. The fence was without openings or gate. It was on lot numbered 25 distant about twelve feet from its northeasterly boundary. McLaughlin, and those claiming under him as his heirs or devisees, until the giving of the deed to Mrs. Burke used the land between the fence and the line of its extension and Paul Gore Street in connection with other occupants of the block on that street, to the exclusion of those who occupied the Murray premises.

Those claiming under McLaughlin as his heirs or devisees built a small outbuilding which stood almost wholly on lot numbered 25, and erected clothes drying yards with posts and crossbars extending to the line of the fence. There was no way of getting to the rear of the premises numbered 115, 117 Paul Gore Street other than the walk between the property now of Burke and that of Murray. There was no door upon the side of the Murray house adjoining the land of Burke, and the walk on the other side always has been the sole means of access to the rear of the Murray house.

When Mrs. Burke agreed to buy the corner property the fence was pointed out as the line of her purchase and she was told that the walk between the houses was on land to be conveyed to her. The parties assumed and believed that she had purchased all the area between the wire fence and its line extended and Paul Gore Street. But by mistake, caused by the fact that the land was described in the deed of McLaughlin as two parcels, the scrivener included in the deed only the part of lot 26 which was separately described therein, thus omitting a part of lot numbered 25 bounding twelve and sixty-eight hundredths feet on Chestnut Avenue and extending to the rear line of grantor's ownership and there eleven and eighty-one hundredths feet in width, which was intended to be included in the conveyance. This is the mutual mistake for which Mrs. Burke is clearly entitled to relief against those claiming under McLaughlin, disregarding for the moment the question of relief against Mr. and Mrs. Murray.

The master found that there was a mutual mistake in the deed given to Mr. and Mrs. Murray shortly after that to Mrs. Burke. The appellants do not deny that the plaintiffs are entitled to relief if this finding stands. Perhaps, strictly speaking, the existence of such mistake does not negative the subsequent grantee's position of *bona fide* holders for value without notice. Such mistake, however, does undermine and destroy the effect of that status and leaves the grantee in the second deed subject to the superior equitable right of the grantee in that first given. It would be inequitable to allow such a purchaser to reap the harvest of a

bargain he never intended to make. He cannot in such circumstances defend on the ground that he is compelled to lose the rights accruing from the literal terms of his contract. This result is supported by *Cross* v. *Bean,* 83 Maine, 61, and *Cole* v. *Fickett,* 95 Maine, 265. See also *Welles* v. *Yates,* 44 N. Y. 525; *Fischer* v. *Laack,* 85 Wis. 280. This result follows from the general principles of equity governing bills for reformation.

The subsidiary findings of the master support his conclusion of mutual mistake in the deed to Mr. and Mrs. Murray. It is sufficient to say that his general finding was justified by the obvious situation — already described — disclosed by an inspection of the premises, by an inferential finding that Mrs. Murray, who inspected the premises before the sale, acted not only for herself but in her husband's behalf; that she saw the fence and walk and knew their purpose and use; and by the agreement for sale which included only the estate numbered 139 Chestnut Avenue and did not specify boundaries or state the area except as five thousand square feet more or less. The resultant finding is a clear and satisfactory conclusion from these facts. *Page* v. *Higgins,* 150 Mass. 27. *Kennedy* v. *Poole,* 213 Mass. 495, 498. *Winston* v. *Pittsfield,* 221 Mass. 356, 361. *Hayes* v. *Penn Mutual Life Ins. Co.* 222 Mass. 382, 388. The agreement for sale included only the " estate . . . numbered 139 Chestnut Ave . . . with the building thereon," and properly construed embraced only the property so known and that reasonably required for the purposes for which the buildings were occupied or fitted for occupancy. *Crabtree* v. *Miller,* 194 Mass. 123, and cases cited at page 126. The width of the lot was not defined. The description of the area as five thousand square feet more or less did not enlarge the construction of the agreement. There was no evidence that quantity was an essential element of the bargain. *Noble* v. *Googins,* 99 Mass. 231. *Ratshesky* v. *Piscopo,* 239 Mass. 180. The error in writing the deed could be found to have been caused by the manner in which the property was described in the deed to McLaughlin.

The exception to the admission of the evidence that

Patrick McLaughlin often spoke of the fence already described as " the dividing line between these two pieces of property " ought not to be sustained. See G. L. c. 233, § 65. The master found that McLaughlin " always held out this fence as the boundary line." The appellants denied the existence of a mistake in the deed to Mrs. Burke and if proof of its existence failed the plaintiffs could not obtain relief against them. The evidence tended to characterize and show the nature of the prior occupation of the premises to which the plaintiffs were entitled, and possibly could be considered also in delimiting the premises agreed to be conveyed as number 139 Chestnut Avenue. Its admission in the light of all the facts is not sufficient to warrant a reversal and a consequent rehearing of the case. The controlling facts were in no wise changed by it. *Methodist Episcopal Society in Charlton City* v. *Akers*, 167 Mass. 560. *Warner* v. *Brown*, 231 Mass. 333, 338.

The remaining exceptions fail because of the conclusions already stated. The interlocutory decree overruling the exceptions and confirming the master's report was right. The final decree orders reformation of both deeds. Relief as against those claiming under the deed to the Murrays might have been in the form of a direction to release to Mrs. Burke the land intended to be included in her deed, coupled with such injunctive assistance as might be deemed necessary. *Rumrill* v. *Shay, supra*. *Wilcox* v. *Lucas, supra*. *Cole* v. *Fickett, supra*. *Craig* v. *Kittredge*, 23 N. H. 231. *Perkins* v. *Canine*, 113 Mich. 72. But no objection to the form of the decree is made by the appellants, and it is affirmed, with costs of the appeal as against the appellants.

The suit in which Mr. and Mrs. Murray are plaintiffs must be dismissed because of the result of that in which they are defendants, and the interlocutory and final decrees in their suit are to be affirmed, with costs of the appeal.

*Decrees affirmed.*