LUIGI VOLPE *vs.* UMBERTO SENSATINI.

Norfolk. February 26, 1924. — May 21, 1924.

Present: RUGG, C.J., BRALEY, DeCOURCY, CROSBY, & PIERCE, JJ.

*Equity Pleading and Practice*, Appeal; Master: findings on unreported evidence; Answer; Waiver of defects in pleadings; Decree.

Where in a suit in equity a master has filed a report without a report of the evidence before him, objections and exceptions to the report on the ground that certain findings of fact were contrary to the weight of the evidence and that the master had failed to find other facts must be overruled where the findings were not inconsistent with each other nor mutually contradictory; and the findings must stand.

While an answer to a bill in equity which is in substance a mere general denial is wholly improper, the plaintiff cannot take advantage of such defect after he has proceeded to trial on the merits before a master; nor can he raise the question of errors in the form or substance of the answer by requests for findings of fact made to the master and based on the " pleadings and evidence."

The plaintiff in a suit in equity for the dissolution of an alleged partnership and an accounting cannot raise in this court an objection to the failure of a master who heard the suit to include interest items, where he did not make such contention a ground of objection or exception to the report and where there do not appear in the report sufficient facts to show that any error was committed.

While judicial action should be manifested and authenticated by the signing of the distinctive characterization in words by which the judge is known and which constitute his name, or by a record of such action made by the clerk, and a judge ought not to indicate such action merely by writing his initials, the use only of initials by the judge may be disregarded where the record of the action of the court also is properly attested by the clerk.

BILL IN EQUITY, filed in the Superior Court on December 22, 1920, for the dissolution of an alleged partnership and an accounting.

The suit was referred to a master. Material findings by the master are described in the opinion. Objections and exceptions by the plaintiff to the master's report as to findings or failures to find certain facts are described in the opinion. The suit was heard by *Wait,* J. An interlocutory decree overruling exceptions and a final decree directing

the defendant to pay to the plaintiff $2,238.67 and costs taxed at $403.96 and that an execution issue therefor were entered.   Both decrees contained the subscription, "By the Court in Boston.   Henry E. Bellew, Asst. Clerk."   The interlocutory decree also contained the subscription "(Wait, J.) W. C. W."   The final decree also contained the subscription "W. C. W."   The defendant appealed from both decrees.

The case was submitted on briefs.

*J. P. Walsh, E. M. Dangel & J. J. Enright,* for the plaintiff.
*J. E. Crowley,* for the defendant.

RUGG, C.J.   This is a suit in equity wherein the plaintiff seeks to establish a partnership between himself and the defendant and for an accounting.   The case was referred to a master "to hear the parties and their evidence and to report thereon."   There was no order to report the evidence and of course no evidence is reported.   The master found as a fact that no partnership existed and that a specified amount was due from the defendant to the plaintiff.

The plaintiff filed numerous objections to the master's report.   All these objections relate to findings of fact. They rest chiefly on the ground that the findings are contrary to the weight of the evidence or are unsupported by the evidence.   The evidence on which these findings were founded not being before us, the exceptions must be over-ruled.   The findings made are consistent with each other and not mutually contradictory.   They must stand.   *Cook* v. *Scheffreen,* 215 Mass. 444, 447.   *Fuller* v. *Fuller,* 234 Mass. 187.   *Glover* v. *Waltham Laundry Co.* 235 Mass. 330, 334.

The answer filed by the defendant was in substance a mere general denial.   It was wholly improper as an answer in equity.   A defendant in equity is bound to answer fully, categorically and unequivocally, with positiveness and directness, all matters charged in the bill.   The essentials of a proper answer in equity have been recently described with accuracy and amplification in an opinion written by Mr. Justice Jenney in *Burke* v. *McLaughlin,* 246 Mass. 533. They need not be here repeated.   The answer in the case at bar failed in every particular to conform to these requisites.

The plaintiff could not take advantage of defects in the answer after proceeding to trial on the merits before the master. By failing earlier to object to the sufficiency of the answer, errors in its form and substance must be taken to have been waived. The requests for findings of fact made to the master based on the " pleadings and evidence " come too late to warrant the plaintiff in raising in that form objections to the sufficiency of the answer. *Burke* v. *McLaughlin,* 246 Mass. 533. *Bauer* v. *International Waste Co.* 201 Mass. 197, 201. *Maker* v. *Bouthier,* 242 Mass. 20, 24.

The objection urged, that the finding by the master included no interest on the amounts advanced or property handed over by the plaintiff to the defendant, cannot now be sustained. It was not made a ground of objection or exception to the report. There do not appear in the report sufficient facts to show that any error was committed.

The argument by the plaintiff, that the allowance of a motion and the entry of two interlocutory decrees and of the final decree were a nullity because directed by the judge only by writing his initials, cannot be sustained. That does not affect the merits of this case at this stage. As has been several times pointed out and as was decided expressly in *Fairbanks* v. *Beard,* 247 Mass. 8, a judge ought to sign his name and not write his initials to indicate an order of court. Initials do not constitute a name. Judicial action should be manifested and authenticated by signing the distinctive characterization in words by which the judge is known and distinguished from others and which constitute his name, or by a record of such action made by the clerk. *W. B. Manuf. Co.* v. *Rubenstein,* 236 Mass. 215, 219. *Conners* v. *Lowell,* 209 Mass. 111, 118. *Webber* v. *Davis,* 5 Allen, 393, 397. *Finnegan* v. *Lucy,* 157 Mass. 439. *Norton* v. *Musterole Co. Inc.* 235 Mass. 587, 589. The initials in the case at bar may be disregarded because the entire record is attested by the clerk.

*Decree affirmed with costs.*