EDITH M. PIPER *vs.* C. L. HAYDEN COMPANY & others.

Suffolk.    November 23, 1925. — January 6, 1926.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & SANDERSON, JJ.

*Equity Pleading and Practice,* Answer.

In a suit in equity against two stockbrokers, the plaintiff sought to estab-
lish a debt alleged to be due the plaintiff from the first defendant and to
require its payment from the second defendant on the ground that the
second defendant had purchased the business of the first defendant,
had taken over his goods and assets, including the securities due to the
plaintiff, and had become bound to satisfy the obligations of the first
defendant to the plaintiff. The second defendant in his answer in
effect alleged that he at no time had received the property of the plain-
tiff from the first defendant or from the plaintiff or from any one for his
account, and as to other allegations of the bill alleged want of knowledge
or information, inability to admit or deny the allegations, and leaving
the plaintiff to his proof. *Held,* that the answer could not be said as a
matter of law to be bad.

BILL IN EQUITY, begun by a writ in trustee process dated
February 25, 1922, against C. L. Hayden Company; Clarence
L. Hayden; Paul Alexander and William Pappas, copartners
doing business as Alexander, Pappas and Company; Met-
ropolitan Trust Company, and Westland Avenue Garage,
Incorporated, seeking to establish a debt of C. L. Hayden
Company and Clarence L. Hayden to the plaintiff, to fix
the defendants Alexander and Pappas with liability therefor
on the grounds described in the opinion, and to reach and
apply, in satisfaction of any judgment to be recovered,
property in the hands and possession of the other defendants.

The defendants Alexander and Pappas filed an answer on
June 30, 1922, and a second answer on June 5, 1924, not
stated to be in amendment to or in substitution for the first.
On June 23, 1924, on a motion by the plaintiff that the bill
be taken *pro confesso* against the defendants Alexander
and Pappas, it was ordered by *Morton,* J., that the bill be
taken *pro confesso* "unless sufficient answer filed before the
thirtieth instant." The defendants then filed the answer

described in the opinion.   On October 16, 1924, by order of *Morton, J.*, a decree was entered reciting that the defendants Alexander and Pappas had not filed a good and sufficient answer to the bill and ordering that the bill be taken *pro confesso* as to them.   The defendants appealed.

The case was submitted on briefs.

*M. M. Horblit & J. Wasserman*, for receiver in bankruptcy of Pappas.

*J. H. Powers*, for the plaintiff.

RUGG, C.J.   The single question of law presented on this record is whether the answer is good and sufficient under the requirements of equity pleading.   This is a suit to establish a debt alleged to be due to the plaintiff from the defendants and to reach and apply in payment thereof property belonging to them in the hands of their debtors.

Paragraph I of the bill sets out certain stock transactions between the plaintiff and one Hayden of the C. L. Hayden Company named as defendants, hereafter called Hayden, as stockbroker, and the deposit with Hayden of moneys and bonds as security for the purchase and sale of stocks and securities.   Paragraph II sets out possession by Hayden of stocks and securities of the plaintiff and that in May, 1921, the defendants Alexander and Pappas, hereafter called the defendants, took over the stock of the Hayden corporation and the assets and property of Hayden, including the account and property of the plaintiff, and continued to run the business.   It is alleged in paragraph III that as a result of taking over the Hayden business and assets by the other defendants, they agreed to and became bound to account with the plaintiff for her property and securities held by Hayden and by them and were indebted to the plaintiff in a named amount.   In paragraph IV are repeated allegations of indebtedness by the defendants to the plaintiff with specifications.   The allegations of paragraph V relate to property to be reached and applied.   The answer of the defendants is, as to paragraph I, want of knowledge or information as to its averments, inability to admit or deny them, and leaving plaintiff to the proof; as to paragraph II, a denial that they took the stock of the Hayden Company or the business,

assets and customers' accounts of Hayden, or any account of the plaintiff, and a denial that they continued to carry on or conduct the Hayden business; as to paragraph III, a categorical denial of each of its several and specified allegations; as to paragraph IV, a denial that they received any money from Hayden for the account of the plaintiff; and as to paragraph V, a simple denial. The answer concludes with an averment that the defendants received no property of the plaintiff from Hayden, from the plaintiff or from any other person for her account, and that they had no dealings with the plaintiff either as principals or agents.

The defendant in a suit in equity is required to answer fully, directly and specifically each material allegation in the bill and to avoid any general denial. He must set out in simple terms his defence to each claim asserted in the bill. The essentials of a proper answer in equity are specified in the Equity Rules of this court. They have been amplified, explained and applied in recent adjudications. *Burke* v. *McLaughlin*, 246 Mass. 533, 537, 538. *Costello* v. *Tasker*, 227 Mass. 220. *Volpe* v. *Sensatini*, 249 Mass. 132. The answer in the case at bar is rather bare. Nevertheless, it cannot be said as matter of law not to be sufficient. The bill does not allege direct personal dealings by the plaintiff with the defendants. All allegations of immediate transactions are confined to relations between the plaintiff and Hayden. The allegations of the bill seek to fasten liability on the defendants by reason of their acquisition of the business, assets, securities and customers' accounts of Hayden and assumption by them of the Hayden obligations. The final paragraph of the answer is that the defendants at no time received property of the plaintiff from Hayden or from the plaintiff directly or from any person on her account. If this be true, then there could be nothing outside the statements set forth in the answer as to each paragraph of the plaintiff's bill within the defendant's knowledge, and those statements constitute a full, direct, specific answer to the several allegations. The record contains nothing more than the bill and answer. This court can know nothing more than they disclose. If the judge by inquiry at the hearing

on the sufficiency of the answer, ascertained further facts, he made no findings. It follows that the answer cannot be said as matter of law to be bad. If at the hearing facts should appear showing that there ought to have been a better answer, then appropriate orders or decrees can be made as to costs and perhaps otherwise to enforce compliance with Equity Rules of pleading and to protect the rights of the parties.

It follows that the final decree and the decree taking the bill *pro confesso* against the defendants Alexander and Pappas must be reversed.

*Ordered accordingly.*