RICHARD R. MCNALLY & another *vs.* PASQUALE LANNI & others. March 8, 1976. On January 22, 1971, the plaintiffs, Richard R. McNally and his wife Sandra L. McNally (McNallys), entered into an agreement with James V. Boyle and Nancy Boyle (Boyles) to purchase from them a single tract of land which the Boyles had previously acquired in two conveyances describing three parcels. The McNallys were given a deed which both they and the Boyles thought was a deed to all three parcels; in fact, the deed was so drawn as to pass title to only two of the three parcels. Nevertheless, on December 4, 1973, the Boyles deeded the third parcel (the locus) to the defendants, Pasquale Lanni and Rosa Lanni.[1] The McNallys seek by this bill in equity to obtain title to the locus. Although the bill was framed in the form of a bill for the specific performance of their agreement with the Boyles (cf. *Pybus* v. *Grasso,* 317 Mass. 716, 717-718 [1945]), the case was tried, without objection, on the theory that the mutual mistake of the Boyles and the McNallys at the time of the original conveyance (the judge found and there was virtually no dispute as to the mutual mistake) required the transfer of the locus by the Lannis to the McNallys because the Lannis were not bona fide purchasers. The Lannis appeal from a judgment ordering that they convey the locus to the McNallys. The Lannis' contention that the recording statutes required that the McNallys show that the Lannis had knowledge of an unrecorded deed has no application in the circumstances of this case. This is not a case in which the McNallys had received a deed to the locus but had failed to record it; under those circumstances, the McNallys would be required to prove that the Lannis had "actual notice of the existence of that deed." G. L. c. 183, § 4. *Richardson* v. *Lee Realty Corp.* 364 Mass. 632, 634-635 (1974). The McNallys' claim to the locus rests rather on an equitable right against the Boyles arising out of the mutual mistake; and the McNallys were required to show no more than the Lannis' actual notice of the mutual mistake. *Rumrill* v. *Shay,* 110 Mass. 170 (1872). *General Builders Supply Co.* v. *Arlington Co-op. Bank,* 359 Mass. 691, 697 (1971). See *South St. Inn, Inc.* v. *Muehsam,* 323 Mass. 310, 312 (1948). No contention is made that it was plainly wrong for the trial judge to find "that at the time of the purchase by the Lannis they had knowledge that the McNallys claimed the so-called Morse lot [the locus] under the original conveyance from the Boyles to McNallys" or that the Lannis knew "from the Boyles and from the McNallys that it was the intention of the Boyles to convey the entire property owned by Boyle, including the Morse lot [the locus] . . .." The only other con-

---

[1] It appears from the testimony that the purchase price was actually paid by Frank Lanni, their son. Neither the trial judge nor the parties have distinguished among the various Lannis, who have been treated as a group referred to as "the Lannis." We do likewise.

tention which the Lannis make is that the McNallys' acceptance of the deed as drawn discharged the Boyles' duties under the purchase and sale agreement. This contention also must fail. "The fact that the parties accepted the deed phrased in language not in accord with their directions and intentions is not a ground for refusing reformation of the deed." *Franz* v. *Franz,* 308 Mass. 262, 266 (1941).

*Judgment affirmed.*

*Samuel Newman (Joseph Aborn* with him) for the defendants.
*John A. Bowen* for the plaintiffs.