POLISH POLITICAL CLUB *vs.* HARRY B. CLOPER.

Suffolk.     January 13, 1927. — July 11, 1927.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, & SANDERSON, JJ.

*Zoning. Municipal Corporations,* Zoning ordinance. *Equity Pleading and Practice,* Hearing upon bill and answer. *Nuisance. Evidence,* Presumptions and burden of proof.

At the hearing of a suit in equity upon the bill and answer without the introduction of evidence, the facts well pleaded in the bill and not denied in the answer, as also all facts well pleaded in the answer at variance with the facts alleged in the bill of complaint, are to be taken as true.

In a suit in equity to enjoin the erection of a building, garage, filling station or tank for the storage and sale of gasoline on premises adjoining the plaintiff's because it was in violation of a zoning ordinance, it appeared that the ordinance provided: "No building shall be erected, and no building shall be used, which is intended or designed to be used for any trade, industry, or use that is noxious or offensive by reason of the emission of odor, dust, smoke, gas or noise." The answer denied the material allegations of the bill as to the defendant's business being noxious or offensive by reason of the emission of odor, dust, smoke, gas or noise, as well as other facts essential to the maintenance of the suit. The suit was heard on the bill and answer without the introduction of evidence. *Held,* that a final decree dismissing the bill was warranted.

BILL IN EQUITY, filed in the Superior Court on May 17, 1926, and described in the opinion.

The suit was heard by *Lourie,* J., on the bill and answer. By order of the judge, a final decree was entered dismissing the bill. The plaintiff appealed.

*H. W. Sullivan,* (*T. N. Foynes* with him,) for the plaintiff.
*M. Caro,* (*G. Broomfield* with him,) for the defendant.

PIERCE, J.   This is a bill to enjoin the erection of a building, garage, filling station or tank for the storage and sale of gasoline, at No. 62 Broadway, Chelsea, Massachusetts, in the alleged violation of a zoning ordinance "duly, legally and lawfully adopted by the Board of Aldermen" of the city of Chelsea on May 19, 1924.   On the filing of the answer the cause came on for hearing, whereupon the plaintiff introduced the bill of complaint and amended answer, but no testimony.   All issues were argued by counsel, and, thereupon, after consideration the court ordered, adjudged and decreed that the bill of complaint be dismissed.   The case is before this court on the appeal of the plaintiff.   The effect of the action of the plaintiff was that the facts well pleaded in the bill of complaint and not denied in the answer, as also all facts well pleaded in the answer at variance with the facts alleged in the bill of complaint, are to be taken as true for the purpose of the hearing. *Perkins* v. *Nichols,* 11 Allen, 542.   *American Carpet Lining Co.* v. *Chipman,* 146 Mass. 385.   *Public Service Commissioners* v. *New England Telephone & Telegraph Co.* 232 Mass. 465.

The answer admits that the premises described as No. 58 and No. 62 Broadway, Chelsea, are abutting premises; that on November 9, 1925, the defendant was granted a permit by the board of aldermen of Chelsea to erect a public garage for sixty cars and a license to store and sell gasoline from a thousand-gallon tank and filling station at No. 62 Broadway; that at a meeting of said board of aldermen a zoning ordinance, a copy of which is attached to the bill of complaint, was adopted on May 19, 1924; that if the zoning ordinance has any validity, No. 58 and No. 62 Broadway are classified as being in the business district; that § 7 of the zoning ordinance reads: "Business Districts . . . No building shall be erected, and no building shall be used, which is intended or designed to be used for any trade, industry, or use that is noxious or offensive by reason of the emission of odor, dust, smoke, gas or noise."   In substance,

the answer further alleges that said premises are "not located in a residential section"; that there is now substantially adjacent to the plaintiff's premises a garage; that the building to be erected is to be of first class, fireproof construction, containing automatic sprinklers and no repair shop, and having a setback of substantially thirty feet; that the garage is not a nuisance *per se;* that with regard to all surrounding circumstances, to wit, location, construction and operation, the same is not a threatened nuisance, and that there has been to date no excavation of any kind, nature or description on the locus in question.

The answer does not admit the value of property at No. 58 Broadway, Chelsea, nor the use of that property, as alleged in the bill of complaint. It does not admit that the plaintiff owns said property, nor that the premises at No. 62 Broadway are owned by the defendant. In substance, it denies that the erection of a sixty-car garage and a thousand-gallon gasoline tank and filling station is *per se* a common law nuisance because it violates the provisions of § 7 above quoted; and denies that the plaintiff suffers or would suffer special damage to itself or to its property from the erection and use of the garage and filling station, in that it "would cause great and disturbing noises, would render the occupation of the property of the petitioners inconvenient and uncomfortable; would cause serious danger and disturbance to the health, safety, and comfort of the occupants of said property of petitioners; would constitute a nuisance whereby the said property of the petitioners would be damaged, the health of the occupants thereof would be injured and their personal inconvenience be interfered with, to their great annoyance, and injury and the destruction of their peace and comfort in their said dwellings."

An automobile and filling station at common law is not a nuisance under all conditions and circumstances, regardless of locality and the manner and method of using the property in the conduct of the business therein carried on. Unless the fact of nuisance be admitted, as it was by the demurrer in *Wright* v. *Lyons,* 224 Mass. 167, an issue of fact is presented for determination in each case, and upon the evidence

one garage and filling station may constitute a nuisance whereas another may not. In the case at bar no evidence to establish the fact that the building would be a nuisance at common law was offered, and all general and specific allegations to that effect contained in paragraph nine of the bill of complaint were specifically denied in the answer. There was no evidence offered at the hearing in support of the allegations in paragraph nine of the bill to the effect that the plaintiff had or would suffer peculiar damage should the garage and filling station be erected; and the plaintiff offered no evidence in proof of its necessary allegations that it owned the property at No. 58 Broadway and that the defendant owned the property at No. 62 Broadway. The plaintiff, therefore, had no standing to have private relief because of a violation of the ordinance, if its evidence would prove such violation. *O'Keefe* v. *Sheehan,* 235 Mass. 390. *Kelley* v. *Peabody Board of Health,* 248 Mass. 165, 169. *O'Brien* v. *Turner,* 255 Mass. 84. It results that the decree must be affirmed with costs.

*Ordered accordingly.*