WILBUR E. ROWELL, executor, vs. MINNIE A. MILLIKEN.

Essex.   December 12, 1928. — March 7, 1929.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Probate Court*, Accounts, Rehearing, Appeal.   *Executor and Administrator.*

At the hearing in a probate court on second and third accounts of an executor, a respondent contended that the stock of a certain corporation was improperly entered in Schedule C of the first account at its inventoried value and retained by the executor and carried forward into Schedule C of the second and the third accounts at the same value, and orally sought under G. L. c. 206, § 19, to reopen the first account to show that the executor therein should have been charged with a loss on that stock because he had not sold it at the then market price.   It appeared that there had been a hearing on the first account, that the question whether the executor should be charged on the grounds stated had then been heard, that the first account had been allowed, that an appeal of the respondent from its allowance had been dismissed for lack of prosecution, and that a petition in writing by the respondent to reopen the account on the same ground as orally stated at the hearing on the second and third accounts had been denied and no appeal had been taken therefrom.   The respondent's counsel did not deny that the respondent at the hearing on the first account should have introduced full evidence nor that it also was obtainable then.   The judge excluded the evidence and by his order decrees were entered allowing the accounts.   The respondent appealed from the decrees.   *Held*, that
   (1) The evidence properly was excluded, the matter to which it related having been fully heard before the allowance of the first account;
   (2) The decrees allowing the second and third accounts properly were entered.

PETITIONS, filed in the Probate Court for the county of Essex, respectively on March 3, 1927, and on May 11, 1928, for the allowance of the second and third accounts of Wilbur E. Rowell, executor of the will of James I. Milliken, late of Lawrence.

The petitions were opposed by Minnie A. Milliken, widow of the testator.   They were heard in the Probate Court by *Dow*, J., a stenographer having been appointed in accordance with the provisions of G. L. c. 215, § 18.   In the cross-examination of the petitioner, the first witness called at

the hearing, the respondent's counsel sought to introduce evidence to show that the petitioner wrongly retained shares of stock of the Everett Mills, inventoried by him at $193.50 per share and that, after a sale of fifty-two shares had shown a loss of $4,041.83, which he had so entered in his first account, he nevertheless carried forward in Schedule C of that account and through Schedules C of the second and third accounts, then being heard, the remaining six hundred fifty shares at their full inventoried values. The first account had been allowed after a hearing. The trial judge ruled in substance that the questions thus stated by counsel as being raised as the second and third accounts were settled when the first account was allowed after a hearing. Counsel for the respondent then orally asked, under G. L. c. 206, § 19, to reopen the first account, presenting an offer of proof in answer to a question of the judge as to what error or mistake they wished to correct.

The offer thus presented was in substance that, during the period covered by the first account, there had been numerous sales of stock of Everett Mills at prices ranging from $175 to $190 per share; and that sales in 1927 and 1928 were at about $10 per share; and, as shown by a transcript of the testimony of the petitioner at the hearing on the first account, that he had realized that he held too much of the stock of the Everett Mills, but had given the court the impression that it was less readily marketable than was the case.

It appeared from records of the court then introduced in evidence that the first account covered a period from May 16, 1921, to and including December 31, 1925; that after a hearing it was allowed by *Dow*, J., on November 4, 1926; that the respondent appealed on November 24, 1926; that on March 24, 1927, her appeal was dismissed for failure to prosecute; that on March 3, 1927, she filed in writing a petition for the reopening of the first account because the executor "could at various times after May 16, 1921, have sold the said shares or a proper proportion of them at their fair market value, namely $193.50 per share, or a less amount which would have been far in excess of their pres-

ent value; and that by reason of the negligent failure of said executor to sell a proper proportion of said shares at the market value thereof, the said estate and the legatees and beneficiaries thereof have suffered great loss and damage"; that the petition was heard by *White*, J., and on March 24, 1927, a decree was entered denying it, from which there was no appeal.

Addressing the court respecting the foregoing facts shown by the record, after the judge had stated that they seemed clearly to show that "the question now raised has been passed upon," counsel for the respondent stated: ". . . there isn't any question but what the matter that is now raised · has been before the court before . . . that the plaintiff, or objector, to the account, should have introduced full evidence we don't deny, and that it was obtainable then just as now we don't deny, but that it was not presented to the court stands out as a fact which cannot be disputed, and the evidence which was presented to you didn't show the whole picture and only a part of the situation was before you. You didn't know when you made the finding in this case what the facts were, — what the real facts were. There has been a finding made as to the conduct of this executor and trustee in fact that has been based upon only half the story. The real condition of the market in respect to the Everett stock has never been presented to you . . . now there is another account before the court and it is an account in which the executor asks that all the matters therein be finally adjudicated . . . and it is shown in the accounts that he is carrying this Everett stock, which comprises a large part of the estate, at the inventory value. We come in now with evidence that has never been presented to the court, which no court can decide the matters involved in this estate fairly and justly without knowing, and we present that, — offer it, — on the most important matter that there is in the whole case, and upon a matter that vitally affects the interests of Mrs. Milliken and her children, and the court has the discretion under the statute and the right to open up the matter and to receive that testimony and hear it, and it seems to me that no court

of justice can refuse to hear evidence that comes in in that way on an important matter."

The judge excluded the evidence offered, and by his order decrees were entered allowing the second and third accounts.

The respondent filed a document in which she stated that she was aggrieved "by a decree . . . whereby said court allowed the second and third accounts . . . and by the refusal of said court upon settling said accounts to open the first account . . . to correct an error therein and to hear evidence bearing upon the alleged liability of said executor for failure to use due diligence to dispose of certain shares of stock. And she hereby gives notice that she claims an appeal from said decree to the Supreme Judicial Court."

*J. N. O'Donohue,* for the respondent.

*I. W. Sargent,* for the petitioner.

CARROLL, J. This is an appeal from decrees of the Probate Court allowing the second and third accounts of the executor of the will of James I. Milliken, and from an order denying the appellant's motion to reopen the first account of the executor.

In the inventory of the estate of James I. Milliken were seven hundred two shares of Everett Mills stock, appraised at $135,837; twenty-five shares of York Manufacturing Company, appraised at $5,000; and two hundred shares of Nashua Manufacturing Company seven per cent preferred stock, appraised at $19,600. The appellee was appointed executor May 16, 1921. In July, 1924, he sold fifty-two shares of the Everett Mills stock at a loss of $4,041.83 from the appraised value; in April, 1927, he sold fifty shares of the Nashua Manufacturing Company stock at a loss from the inventory value of $209.25.

In the first account of the executor, allowed after a hearing on November 4, 1926, the executor asked to be allowed for the loss on the Everett Mills stock. Counsel appeared for the appellant and other parties interested in the will. On November 24, 1926, the appellant appealed from the allowance of the first account, and in February, 1927, a motion to dismiss the appeal for the reason that the appellant failed seasonably to prosecute her appeal was granted.

The appellant filed a petition to reopen the first account; and, the executor having filed his second and third accounts, the appellant opposed their allowance. A hearing was held on this motion and on the allowance of the second and third accounts. The motion was denied and the accounts were allowed. The appellant appealed.

The appellant offered to show that the Everett Mills stock and York Manufacturing Company stock steadily decreased in value; that transfers of the Everett Mills stock were made in the market from May 16, 1921, to May, 1923, at prices from $175 to $190 a share; that the executor refused to sell some of the Everett Mills stock at $175 per share, and did not sell in 1922 and 1923 at market prices. It is stated that the market value of Everett Mills stock at the time of the argument was $9 a share.

According to the record in this case, at the hearing on the first account the matters now sought to be opened were fully heard; the appellant was represented by counsel; she had the opportunity to present evidence tending to show that the executor in the faithful discharge of his duty should have diversified the securities held by him and disposed of those which were depreciating in value. Matters in dispute previously heard and determined by the Probate Court are not to be again brought in question by the parties to the dispute without leave of court. G. L. c. 206, § 19. *Barrett* v. *Briry*, 256 Mass. 45.

It further appeared at the hearing to reopen the first account that the matters now in dispute were passed upon by the court; that an attempt was then made to charge the executor with the loss which occurred in the stock from the time it came into the executor's possession until the end of the account. At the hearing on the first account there was testimony by the executor that he realized he could not hold so large an amount of Everett Mills stock, and that he had endeavored to ascertain the value of the stock, seeking information from brokers and the officers of the corporation; that the appellant did not wish the stock to be sold. There is nothing in the offer of proof which entitled the appellant to have the first account reopened, as matter of law. That

account was settled; the executor was allowed for loss in the sale of part of the stock, and he was permitted to retain the remainder.  The fact that sales of stock were in the market did not require the account to be opened, and the discretion of the judge was not abused.  *Thompson* v. *DeVisser,* 219 Mass. 40, 43.

We discover no reason why the new evidence was not available at the former hearing.  It does not follow that if this evidence had been presented there was any error in allowing the first account.  Whether an executor should sell or hold securities belonging to an estate is a question of fact, and the judge, who was acquainted with the textile situation at the time and heard all the evidence offered, found that the executor did not act in violation of his trust.  The evidence at this hearing is not reported and there is nothing to show that the judge was wrong.  *State Street Trust Co.* v. *Walker,* 259 Mass. 578, 582, 583.

The first account covered the period from May 16, 1921, to December 31, 1925; it was allowed after a full hearing on November 4, 1926.  As we construe the record the issue in connection with the second and third accounts relates to a motion to reopen the first account.  Substantially all of the evidence contained in the offer of proof relates to the period covered by the first account.  Counsel for the appellant stated in response to a question of the judge that his offer of proof covered the questions he intended to raise; and in the offer of proof it was admitted that "the matter that is now raised has been before the court before."  It was admitted that on the facts then before the court the finding was justified, that the testimony offered was obtainable but not presented at the hearing on the first account.  And we can find nothing to show that in carrying the items in the second and third accounts at inventory value, the appellants objected in case the first account cannot be opened.  The offer of proof shows that the principal depreciation occurred during the period covered by the first account.  At least no definite offer of proof was made to show a shrinkage in value in the period embraced in the second and third accounts; and whatever was said in the offer relating to a subsequent depre-

ciation was addressed to the court in support of the motion to reopen the first account, and it is apparent that the judge so understood it. In the brief of the appellant it appears that the stock could have been sold within "two years after" the appointment of Rowell "at substantial prices," and the matters argued in the appellant's brief relate to the refusal to open the first account.

The appellant had her day in court. The first account was allowed after a full hearing, and no reason is shown for the granting of the motion to open this account. *Pepper* v. *Old Colony Trust Co.* 262 Mass. 570, and cases cited. There was no error in allowing the second and third accounts. The decrees are to be affirmed; the order denying the motion to reopen the first account is affirmed.

*Ordered accordingly.*