Joseph J. Lannin & another, trustees, *vs.* Annie E. Buckley & others.

Suffolk.   November 26, 1928. — June 27, 1929.

Present: Rugg, C.J., Crosby, Carroll, Wait, & Sanderson, JJ.

*Probate Court*, Accounts, Plea, Answer, Hearing after rescript, Findings by judge, Requests and rulings, Appeal.

If, following rescript from this court upon an appeal by certain of the beneficiaries of a trust from a decree of a probate court allowing one of the trustee's accounts, the remaining beneficiaries appear in oppo-

sition to the account and join with the first beneficiaries in all subsequent proceedings, being represented by the same counsel, they must take the case as they find it: they do not stand in any different or better position than the first contestants.

Upon a petition by a trustee in a probate court for the allowance of an account, the respondent filed an answer termed "the answer and the plea and averment in equity," which contained certain allegations of fact and statements of law, and prayed that the petitioner be enjoined from proceeding with the account and ordered to "address" the court "in an impartial request for instructions" as to certain matters contained in the account. *Held,* that

(1) The paper above described did not constitute a plea or answer in equity;

(2) Notwithstanding the provisions of G. L. c. 206, § 4, that "proceedings" upon probate accounts "shall be considered for all purposes to be proceedings in equity," all the principles of equity pleading were not imported thereby into such proceedings and a contention by the respondent, that facts well pleaded in his "answer" must be taken as true, could not be maintained.

*Whether* a plea or answer may be filed by the respondent in a petition for the allowance of a probate account was not decided.

Upon an appeal from a decree allowing the account of a trustee in a probate court, this court ordered the case remanded for further hearing to correct errors in computation, and when changes in the account not inconsistent with the opinion should have been made, decrees allowing the account as amended were to be entered. Following a second hearing of the account, a judge of the probate court filed a decision to the effect that the mathematical errors had been corrected and that the amended figures were agreed by all parties to be correct; and ordered the entry of a decree allowing the account as amended. Upon appeal by the respondent, no evidence was reported. *Held,* that

(1) The statement in the decision by the judge, that the amended figures were correct, must be accepted as true in the circumstances, and it was not open to the respondent to question their accuracy upon the second appeal;

(2) The judge properly ruled that no question properly was before him as to certain matters presented to this court on the first appeal and dealt with by it in its opinion;

(3) The duty of the judge at the second hearing was to follow exactly the terms of the rescript and to keep within its scope, unless in his discretion he permitted new issues to be raised;

(4) The judge could not be required to rule as to whether certain matters would be open upon a subsequent account.

PETITIONS, filed in the Probate Court for the county of Suffolk on April 9, 1923, for the allowance of certain accounts of trustees under the will of C. James Connelly, late of Boston.

The case previously was before this court upon appeals

by the respondents from decrees allowing the accounts, when, in a decision reported in 256 Mass. 78, it was remanded to the Probate Court under a rescript described in the opinion. Proceedings in the Probate Court after rescript are described in the opinion. The respondents appealed from decrees then entered by order of *Dolan,* J. The "answer and the plea and averment in equity" mentioned in the opinion contained certain allegations of fact and statements of law, and a prayer that the trustees "be enjoined from proceeding with the accounts offered, and that they be ordered to address this court in an impartial request for instructions as to how . . . [certain]´ particular funds be allocated . . . ."

The case was submitted on briefs.

*J. L. Sheehan & J. A. McAleer,* for the respondents.

*J. J. Mansfield & J. F. Creed,* for the petitioners.

RUGG, C.J.    This is an appeal from a decree of the Probate Court entered after rescript from this court allowing accounts of trustees under a will. The case at its earlier stage is reported in 256 Mass. 78. The rescript issued pursuant to that decision contained this direction: "Case is remanded to the Probate Court for further hearing to correct errors in computation, and for such amendments in the schedules as are thereby made necessary. When changes in the accounts not inconsistent with the opinion are made, decrees allowing the accounts as amended are to be entered."

After the rescript, "all the remaining beneficiaries, who were not parties to the first appeal," (as stated in the brief for the contestants) appeared in opposition to the accounts. We do not understand that it is argued that the present contestants stand on any different or better footing than those who were contestants before. But, however that may be, seemingly they joined with those earlier contestants in all subsequent proceedings and are represented by the same counsel. They must come into the litigation as they find it.

After the rescript the present contestants of the accounts filed a paper which they term in their brief "the answer and the plea and averment in equity." This paper in substance is not and cannot be a "plea" in equity in any proper sense.

It is lacking in every essential of a plea, even if it be assumed, which we do not decide, that a plea can ever be proper in a proceeding like the present. *Reilly* v. *Selectmen of Blackstone,* 266 Mass. 503, 507, 509. "Answer" and "averment" may be taken together as indicating an answer. It has not been argued that an answer would be improper under G. L. c. 206, § 4, if seasonably filed in accordance with probate practice or by permission of the court. If it be assumed that an answer to an account is permissible, it is not usual because the account as filed is deemed open for every proper adjustment without further pleading. The paper here filed, however, was not an answer in accordance with proper equity pleading. *Piper* v. *C. L. Hayden Co.* 254 Mass. 317, 319, and cases cited. Whatever may be the effect of the provision of G. L. c. 206, § 4, that "proceedings" upon probate accounts "shall be considered for all purposes to be proceedings in equity," it cannot be regarded as requiring the importation into such proceedings of all the niceties of equity pleading. The principle that facts well pleaded in the answer are taken as true, upon which the contestants rely, *Public Service Commissioners* v. *New England Telephone & Telegraph Co.* 232 Mass. 465; *Polish Political Club* v. *Cloper,* 260 Mass. 559, is utterly inapplicable to the case at bar.

There had been one full hearing in the Probate Court on the account before the case came to this court at its earlier stage. Whether practice in the Probate Court in this particular be regarded as according to common law, *West* v. *Platt,* 124 Mass. 353, or as according to equity, *Day* v. *Mills,* 213 Mass. 585, or as peculiar to itself, the court could not be required in these circumstances to proceed to a hearing outside the terms of the rescript. It would be improper to open for further hearing the precise issues presented at the earlier hearing and then disposed of, unless there has been accident or mistake by parties or counsel, or a misunderstanding by the court. There was not on this record exercise of discretion by the judge to reopen any issues or to try any questions except those prescribed by the rescript. So far as his refusal to enter into a hearing of facts and to open issues to

that end rested in sound judicial discretion, it must be taken to have been exercised against the contestants. Only questions of law are presented for consideration.

The decision in writing filed by the judge respecting the decree to be entered after rescript shows that "the mathematical errors have now been corrected and the figures set forth in the accompanying final decrees are agreed by all the parties to be correct." That statement must be accepted as true, as no evidence is reported. Then he made several rulings as to the contention of the contestants. Touching the first ruling, it is stated in the contestants' brief that it "can be disregarded." It is not argued and is treated as waived.

The second ruling in substance was that no question was before the court in this proceeding as to the application of income from mining stocks to the income account shown in schedules "D" and "E." This subject was fully argued in their brief by the contestants when the case was here before, and was discussed in the earlier opinion, 256 Mass., at pages 83, 84. If there was anything in that discussion tending to show in the light of the facts that there was error in the account, it would have been open for correction under the rescript. Apparently there was nothing to indicate improper accounting as to income. *Old Colony Trust Co.* v. *Shaw*, 261 Mass. 158, 168. Whatever may be the scope and effect of G. L. c. 206, § 19, there is nothing in the present record to show error in this ruling. *Barrett* v. *Briry*, 256 Mass. 45. *Rowell* v. *Milliken*, 266 Mass. 448.

The third ruling was to the effect that the question as to the application of receipts from fire losses, telephone warrants and deposits on sale of real estate to income is not before the court, and as to such items in said account the contestants are concluded by the rescript and opinion. This was plainly right. The subject was fully argued when the case was here before and is disposed of by the previous opinion.

There is no error in the fourth ruling to the effect that "the court is not called on to rule as to whether the questions referred to in 1 and 2 are open on a subsequent accounting;

that the present duty of the court is to enter a final decree in literal compliance with the rescript and opinion." It is the duty of the trial court, unless in its discretion it permits new issues to be raised, to follow implicitly the terms of the rescript and not to travel outside what is there laid down, read in the light of the opinion on which it is founded. *Bourbeau* v. *Whittaker*, 265 Mass. 396, 399. Manifestly the judge was not called upon to pass upon questions which might be open on future accounts.

The contestants have argued that the accounts as corrected are still in error. There is nothing to this contention, because, as already stated, the finding of the judge was that the figures as set forth in the final decree were "agreed by all the parties to be correct." That statement must be accepted as true. Moreover, the argument is not convincing. The account on examination appears to be correct as to the point criticised in schedule "C."

All the arguments presented by the contestants have been considered, but they do not require further discussion.

*Decree affirmed.*