ANNETTE S. HILL & another *vs.* DONALD MacKAY HILL.

Suffolk.   December 10, 1931. — December 29, 1931.

Present: RUGG, C.J., WAIT, SANDERSON, & FIELD, JJ.

*Power.   Trust,* What constitutes relation. *Fiduciary.*

In a suit in equity it appeared that the plaintiff was the mother of a grandson of a testator and administratrix of the grandson's estate; that the defendant, an attorney at law, was the grandson's uncle, a son of the testator, and one of the trustees under the testator's will; and that the will provided in substance that the grandson had a power of appointment effective at his death over a portion of the trust fund and that, if he did not exercise the power, such portion of the fund should be divided among certain persons, including the defendant.   The plaintiff contended that, by reason of the facts that the defendant was trustee under the will, was uncle of the grandson, and that the grandson reposed confidence in him, and that he had advised the plaintiff on several occasions with respect to her own and her son's affairs, a fiduciary relation arose which required the defendant to advise the grandson to exercise the power;   that he did not do so; that the power was not exercised and that therefore the defendant personally should pay the plaintiff damages.   A judge who heard the suit found that the defendant had been guilty of no actual fraud nor intentional misconduct with reference to the nonexercise of the power;   that neither by misrepresentation of any kind, nor by calculated silence had he sought to prevent such exercise;   that the defendant was not the plaintiff's general attorney, but occasionally acted as her attorney with reference to specific matters about which she consulted him and which had nothing to do with the exercise of the power;   that he at no time was attorney for the grandson;   that nothing ever was said or done by the plaintiff or the grandson which would cause the defendant to believe that he was not fully aware of his rights with respect to the power of appointment;   and that upon the facts found and all the evidence the defendant was guilty of no breach of fiduciary duty which rendered him liable to the plaintiff either individually or in her capacity as administratrix of her son's estate. The bill was dismissed.   The plaintiff appealed.   *Held,* that

(1) The plaintiff had not shown that the defendant's relation to the plaintiff or to her son in the matter of the exercise of the power of appointment by the son was fiduciary in the legal sense;

(2) The trustees under the will were not trustees of the power and they had no duties with reference thereto except to turn over a portion of the estate in accordance with the direction of the donee of the power in case the power should be exercised;

(3) The relationship of uncle and nephew and of friendship and

confidence growing out of that relationship did not create a fiduciary relationship in the legal sense;

(4) The fact that the defendant was a beneficiary under his father's will did not create such a relationship;

(5) It did not appear that the conclusion of the trial judge, that the defendant was not shown to have violated any fiduciary duty which rendered him liable to the plaintiff either individually or in her capacity as administratrix, was wrong;

(6) The bill properly was dismissed.

BILL IN EQUITY, filed in the Superior Court on December 18, 1929, by Annette S. Hill individually and as administratrix of the estate of Ernest L. Hill, against Donald MacKay Hill as an individual.

The twelfth paragraph of the bill was as follows:

"12. The plaintiff says that the defendant, as an attorney at law, as trustee for the benefit of said Ernest L. Hill under said will [of William H. Hill], as attorney and adviser to the plaintiff, the mother and guardian of said Ernest L. Hill, as adviser to said Ernest when he attained his majority, as his uncle in whom said Ernest and the plaintiff reposed trust and confidence, and as one of those who took the share of said Ernest in default of an appointment under said will, was under an imperative obligation and duty to disclose all facts and information within his knowledge and to inform and advise said Ernest and his mother and guardian fully and completely concerning his legal rights under said power of appointment, and of the necessity of action on the part of said Ernest by making a will or other instrument executed in the presence of three witnesses to preserve for himself and his estate his rights under said power of appointment; but that the defendant in order to secure for himself and his brothers and sister the share of said Ernest in said trust fund failed to give said Ernest or the plaintiff such information and explanation as they were entitled to, lulled them into a false sense of security, and with a fraudulent purpose expressed opinions and gave advice to said Ernest and the plaintiff which were dishonest and only partially true and which the defendant knew were misunderstood and misapprehended by said Ernest and the plaintiff."

The prayers of the bill were that the plaintiff's "claim be established in equity against the defendant"; that "the amount of the plaintiff's damages individually and in her capacity as administratrix be assessed by the court"; and that "execution issue for the amount found due the plaintiff."

In the Superior Court, the suit was heard by *Gray*, J., a stenographer having been appointed under G. L. c. 214, § 24; Equity Rule 29 (1926). It appeared that the plaintiff's husband, a son of the testator William H. Hill, had died before him. Other material facts and findings and rulings by the judge are stated in the opinion.

From a final decree dismissing the bill, the plaintiffs appealed.

*M. F. Kennedy*, (*W. R. Bigelow & C. Sargeant* with him,) for the plaintiffs.

*F. H. Chase*, (*H. F. Fanning* with him,) for the defendant.

SANDERSON, J. This is a suit to compel the defendant to make good to the plaintiff the amount which she would have received had her son exercised in her favor a power of appointment under the will of his grandfather, William H. Hill. After a trial on the merits a final decree was entered dismissing the bill, and the plaintiff appealed from this decree.

The defendant, who is an attorney at law, was a beneficiary and trustee under the will of his father, William H. Hill, who died on October 14, 1913, and whose will was admitted to probate on November 5, 1913, in the county of Norfolk. The plaintiff personally received a bequest of $50,000 under the will. The residuary clause of the will set up a trust fund. The plaintiff's intestate, Ernest L. Hill, the son of the plaintiff, and a nephew of the defendant, who was a minor nine years of age at the time of the death of the testator, was a beneficiary under the will, entitled to a share of the income of the trust fund during his life, and to a payment of $50,000 at the age of twenty-five years with which to enter business if the trustees should deem it wise. The bequests in the residuary clause of the will for children and grandchildren are made subject to the condition that their interests shall not be alienable and shall not be subject to be taken by

creditors or liable for their debts. A power of appointment is expressed in the following terms: "SIXTEENTH: — Each of my said children, Warren M. Hill, Spencer R. Hill and Donald MacKay Hill — and when of full age said Ernest L. Hill, William H. Hill, and any child hereafter born to me when of full age is hereby authorized to dispose by will of his or her part of my property — that is to say, of a share of the property or fund so held in trust for their benefit, proportionate to the share of the income which he or she at the time of his or her death is entitled to receive out of such fund; and upon the death of either my will is that the Trustees shall pay such part so disposed of to whomsoever such my child or grandchild shall by last will and testament or by any instrument executed in the presence of at least three witnesses, direct and appoint; and in default of such appointment by said Warren M. Hill, Spencer R. Hill, Donald MacKay Hill, Ernest L. Hill, William H. Hill and any child hereafter born to me as aforesaid and upon the death of any of my other children Marion Hill, Clarence H. Hill and Kenneth A. Hill (to whom this power of disposition and appointment is not given) said Trustees shall pay and divide such proportionate share with all its unpaid income, to and among the survivors and survivor of my said children equally, (said William H. R. Hill excepted) the issue of any child now or hereafter deceased to take by right of representation, Provided, However, that, upon the death of any child or grandchild leaving issue under the age of twenty-one years, and without having disposed of his or her share as aforesaid, the Trustees shall pay a proportionate share of said income to or expend or apply it at their best discretion equally for the benefit, education and support of such issue until they shall arrive successively at the age of twenty-one years, if they shall so long live."

On November 5, 1913, the plaintiff was appointed guardian of Ernest L. Hill during his minority. The defendant's firm acted for the plaintiff in obtaining that appointment, and they occasionally acted for her in her individual capacity in specific matters in connection with her private business. She also employed other attorneys. The plain-

tiff testified that the defendant said in the presence of the plaintiff, soon after the death of Warren M. Hill in 1915, that it would have been better if Warren had not made a will because then he would not have been obliged to pay the notes he had indorsed for friends, that she then asked the defendant why he did not tell Warren not to make a will and the defendant said that he was not his lawyer and Warren did not ask him. After the death of Ernest L. Hill the defendant's firm prepared and filed the plaintiff's petition for the administration of his estate. Neither they nor the defendant at any time acted as counsel for Ernest L. Hill and they never advised him as to making a will. Ernest L. Hill became twenty-one years of age on January 26, 1925, and on February 3, 1925, at the office of the trustees under the will of William H. Hill the trustees paid over to him the sum of $101,303.96 in cash and securities representing the accumulation of income in their hands during his minority. At this time Ernest L. Hill signed a general release of all claims against the plaintiff as guardian and waived any right to an accounting in the Probate Court, and he acknowledged receipt in full for the amount then due from the trustees under the will of his grandfather. The plaintiff also acknowledged that she as guardian had no further claim against the trustees. At this time no counsel represented the son and the plaintiff had no counsel other than the defendant. The papers executed were drawn by the defendant or under his direction.

After the plaintiff and her son left the meeting, her son said to her, "Now the Hill family won't get my money, will they? Because up to twenty-one years old they would have . . . . Now you will get it if anything happens to me." Ernest L. Hill was then in good health. On June 24, 1925, he was suddenly taken ill, and from then until his death on July 9, 1925, was not in a fit mental condition to execute any will or other instrument of appointment. As he failed to exercise his power of appointment, by the terms of the will of William H. Hill his proportionate share became payable to and among the surviving beneficiaries under the trust clause, of whom the defendant was one.

The trial judge made findings in part as follow: "I find that the defendant has been guilty of no actual fraud or intentional misconduct with reference to the nonexercise by Ernest L. Hill of the power of appointment given him under the will of William H. Hill. I find that neither by misrepresentation of any kind, nor by calculated silence did he seek to prevent the exercise of the power. I reach this conclusion if the defendant's evidence be disregarded, and I believe his testimony which supports the conclusion." He also found that the defendant was not the plaintiff's general attorney, but occasionally acted as her attorney with reference to specific matters about which she consulted him and which had nothing to do with the exercise of the power, and that he at no time was attorney for Ernest L. Hill.

We observe no reversible error in the conclusions of the trial judge that the defendant's conduct in preparing and having executed releases by Ernest L. Hill to the plaintiff and the trustees without suggesting that he obtain independent advice had nothing to do with the matters here in controversy, and that the defendant's statement in the presence of the plaintiff, many years before her son became of age, about the effect of the exercise of the power by will by one of the other donees of the power of appointment was not calculated to and did not in fact influence either the plaintiff or her son with respect to the exercise of the power by him.

The trial judge states that "The defendant was present when the plaintiff listened to the reading of the entire will soon after the decease of William H. Hill . . . . One of these printed copies [of the will] was given to the plaintiff and she read it in its entirety. She is a woman of intelligence and business capacity far above the average. If she did not understand the significance of the power of appointment created by the will, she never consulted the defendant about it and he had not the slightest reason to believe that she did not understand the provisions of the will with respect to the power of appointment, or that she did not know what would happen to the trust fund if her son failed to exercise the power. A printed copy of the will was in the

home of the plaintiff and available to her son who lived with her. The will, including the paragraph containing the power, was discussed by the plaintiff in her son's presence. He was in general aware of the existence of the clause creating the power of appointment, but I am unable to find from the evidence whether he fully understood it, and whether he knew what would happen to the fund if he failed to exercise the power of appointment. Nothing was ever said or done by the plaintiff or her son which would cause the defendant to believe that Ernest L. Hill was not fully aware of his rights with respect to the power of appointment."

The judge also found that until the beginning of the last illness of Ernest L. Hill, about two weeks before his death, the defendant had no occasion to consider the necessity of the exercise of the power of appointment by Ernest L. Hill and he gave no consideration to it after this illness commenced because the mental condition of Ernest L. Hill was such that the defendant had no reason to believe that he was capable of making a will or exercising a power of appointment, that the relations between the son and his mother were such that if he had exercised the power of appointment he undoubtedly would have made her his beneficiary, but that it is entirely conjectural whether he would have exercised the power of appointment if he had been fully advised of his rights under the will by the defendant immediately upon his becoming of age. He ruled that the portion of the trust fund received by the defendant came from the testator who created the fund and not from Ernest L. Hill, and that as trustee he was under no duty of furnishing him independent advice in respect thereto; that upon the facts found and all the evidence the defendant was guilty of no breach of fiduciary duty which renders him liable to the plaintiff either individually or in her capacity of administratrix of her son's estate.

When all the terms of the will are considered, the direction to the trustees to pay a portion of the estate upon the death of any of the designated beneficiaries to whomsoever such beneficiary "shall by last will and testament or by any

instrument executed in the presence of at least three witnesses, direct and appoint," cannot be held to give Ernest L. Hill the power to dispose of a portion of the estate by deed or other conveyance during his lifetime. The plaintiff has not shown that the defendant's relation to the plaintiff or to her son in the matter of the exercise of the power of appointment by the son was fiduciary in the legal sense. *Smith* v. *Smith,* 222 Mass. 102, 106. *Colburn* v. *Hodgdon,* 241 Mass. 183, 191. As counsel for the plaintiff he was not at any time called upon to advise her with reference to the power. The trustees under the will were not trustees of the power and they had no duties with reference thereto except to turn over a portion of the estate in accordance with the request of the donee of the power in case the power should be exercised. If the power was not exercised the defendant was a beneficiary not of the donee of the power but of the testator. The defendant was not at any time attorney for Ernest L. Hill. He made no misrepresentations to him and never undertook to advise him about the power. The relationship of uncle and nephew and of the friendship and confidence growing out of that relationship did not create a fiduciary relationship in the legal sense. *Smith* v. *Smith,* 222 Mass. 102, 106. Nor did the fact that the defendant was a beneficiary under his father's will create such a relationship. If the son had exercised the power of appointment the estate thereby appointed would not have become his, *Hogarth-Swann* v. *Weed,* 274 Mass. 125, although it might have been used to pay his debts if his own property were insufficient for that purpose. The exercise of the power would not have been so clearly for his own benefit that it must be presumed as in *Merrill* v. *Emery,* 10 Pick. 507, 510, that he would have exercised it if he had been fully advised of his rights. We cannot say that the conclusion of the trial judge that it was conjectural whether he would have exercised the power of appointment was wrong. The case is distinguishable in its facts from *Hill* v. *Hall,* 191 Mass. 253, 266, where an attorney bargained with his client in a matter of advantage to himself.

Upon the facts found and the evidence we are unable to

say that the conclusion that the defendant is not shown to have violated any fiduciary duty which renders him liable to the plaintiff either individually or in her capacity as administratrix of Ernest L. Hill was wrong.

*Decree affirmed with costs.*