NELLIE L. B. MILLETT *vs.* EDWARD H. TEMPLE.

Suffolk.    December 13, 1933. — December 29, 1933.

Present: RUGG, C.J., PIERCE, DONAHUE, & LUMMUS, JJ.

*Equity Pleading and Practice*, Amendment after rescript, Costs and expenses.    *Trust*, What constitutes.

In a suit in equity in the Superior Court against the husband of the plaintiff's daughter for an accounting with respect to the purchase, sale and handling of securities for the plaintiff over a period of twelve years, it appeared that the plaintiff was a woman of education and culture and that during the period in question she kept books of account of her own in which she recorded the financial transactions of the defendant in her behalf. The defendant admitted that he was accountable as to one transaction and admitted liability in a certain sum, and a final decree was entered for the plaintiff in that sum. After rescript from this court affirming that decree upon appeal by the plaintiff, the plaintiff filed in the Superior Court a motion to amend the allegations and prayers of her bill to seek a decree in her favor for expenses incurred in the accounting. In the Superior Court, a judge ruled that there was no authority in law for the recovery of such costs and expenses and denied the motion. *Held*, that

(1) The relation between the plaintiff and the defendant was confidential and advisory only, and was not fiduciary nor that of a trust;

(2) The expenses of the plaintiff were not recoverable as a matter of law;

(3) The motion properly was denied as a matter of law.

BILL IN EQUITY, filed in the Superior Court with a writ in trustee process dated May 31, 1929, for an accounting.

The suit previously was before this court upon appeal by the plaintiff from a final decree, entered by order of *W. A.*

*Burns*, J., when a decision affirming the decree was rendered and was reported in 280 Mass. 543.

Proceedings in the Superior Court, following the rescript from this court, and a report by *Walsh*, J. to this court, are described in the opinion.

*P. B. Buzzell*, for the plaintiff.

*J. H. Powers*, for the defendant.

RUGG, C. J.   The plaintiff by this suit in equity seeks an accounting from the defendant respecting certain money and securities.  A decision of the case at an earlier stage is reported in 280 Mass. 543.  From the original record in that case it appears that there was reference to a master, whose report was confirmed and in accordance with it final decree was entered.  The facts there displayed (which are binding upon the parties, *Samuel & Nathan E. Goldstein, Inc.* v. *Dietz*, 284 Mass. 548, 549) are these: The plaintiff lived in the family of the defendant, who had married her daughter.  The plaintiff and this daughter were appointed administratrices of the estate of the husband of the plaintiff, who died in 1915.  From this time down to the date when the defendant left his wife (in December, 1927) the defendant frequently acted in the purchase, sale and handling of securities for the plaintiff.  During this period the plaintiff's daughter also occasionally acted for her, but the bulk of the dealings in the plaintiff's behalf were by the defendant.  The plaintiff is a woman of education and culture, and during this period she kept books of account of her own in which she appears to have recorded the financial transactions executed by the defendant in her behalf.  The defendant admitted at the hearing before the master that he was unable to account for a sum slightly in excess of $1,100 received from the sale of a bond, and that he owed the plaintiff $400 for money lent him by her.  Final decree on this footing was entered in favor of the plaintiff.

At the former argument before this court the plaintiff moved for the first time that she be allowed, in addition to the amount specified in the final decree, the actual expenses incurred by her in the accounting.  Without passing

on its merits, that motion was denied on the ground that the point ought to have been presented in the trial court. *Millett* v. *Temple,* 280 Mass. 543, at page 552. After rescript affirming the interlocutory and final decrees, the plaintiff filed in the Superior Court a motion to amend the allegations and prayers of her bill so as to include these expenses. This was permissible practice since they were inseparably connected with the original cause of action, *Lucas* v. *Morse,* 139 Mass. 59, and were not included in the previous allegations and hearings. *Day* v. *Mills,* 213 Mass. 585. *Crowley* v. *Holdsworth,* 267 Mass. 13, 16. *Lannin* v. *Buckley,* 268 Mass. 106, 109. The trial judge ruled that there was no authority in law for the recovery of such costs and expenses, denied the motion and reported his action to this court with the stipulation that, if his ruling was wrong, the amendment should be allowed. The allowance of the amendment, if such expenses are recoverable as matter of law, rested in sound judicial discretion. *Peoples National Bank* v. *Mulholland,* 228 Mass. 152, 155. *Noyes* v. *Noyes,* 224 Mass. 125, 135. *Massachusetts Gasoline & Oil Co.* v. *Go-Gas Co.* 267 Mass. 122, 125.

The ruling was right. The relation between the plaintiff and the defendant was confidential and advisory. It involved reliance on the integrity and faithfulness of each to the other. So far as concerned the purchase, sale and management of the securities, seemingly the parties were on an equal footing. For aught that appears, legal title to the securities was vested in the plaintiff as owner and she exercised dominion as to the kind of investments to be made. At all events, she had these rights. The securities were not the property of the defendant. The plaintiff and not the defendant was the master touching the transactions. See *Williams* v. *Milton,* 215 Mass. 1, 8. The facts do not show that the defendant was a trustee for the plaintiff. His relation to her in its legal aspects rose no higher than that of agent. A fiduciary relation has been defined as "one in which, if a wrong arise, the same remedy exists against the wrongdoer on behalf of the principal as would exist against a

trustee on behalf of the *cestui que trust.*" *National Bank* v. *Insurance Co.* 104 U. S. 54, 68. *Ex parte Dale & Co.* 11 Ch. D. 772, 778. It has also been said: "A trust is where there are rights, titles, and interests in property distinct from the legal ownership. In such cases, the legal title, in the eye of the law, carries with it, to the holder, absolute dominion; but behind it lie beneficial rights and interests in the same property belonging to another." *Seymour* v. *Freer*, 8 Wall. 202, 213.

The situation disclosed in the case at bar does not fall within any recognized description of a trust. It follows that the record does not warrant the conclusion that the defendant was trustee for the plaintiff. The case at bar falls within the class illustrated by numerous decisions where the relations between parties have been friendly and confidential, but have not been that of trustee and fiduciary. *Smith* v. *Smith*, 222 Mass. 102, 106–107. *Parsons* v. *Parsons*, 230 Mass. 544, 550–551. *Colburn* v. *Hodgdon*, 241 Mass. 183, 191. *Adams* v. *Whitmore*, 245 Mass. 65, 68. *Hill* v. *Hill*, 278 Mass. 44, 51. Cases like *Bogle* v. *Bogle*, 3 Allen, 158; *Bryant* v. *Russell*, 23 Pick. 508, 521; *Loring* v. *Wise*, 226 Mass. 231, where a trust existed, are distinguishable and the principles there stated are not relevant to the facts here disclosed.

Decree is to be entered denying the motion.

*Ordered accordingly.*